Henderson, Judge.
The warrant commands the defendant to appear at the suit of the plaintiff before a single justice of the peace, (a court without a jury,)'to answer him for the non payment of a debt of twenty-five dollars. The case, therefore, depends on the question, is this a controversy respecting property according to the meaning of those words as used in the 14th section of the declaration of rights? That section declares, that in all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable. At the time this declaration was made, and long bofore, a single justice of the peace, out of doors, a court similar to the one before which this defendant is called in all respects except as to the sum over which it has jurisdiction, had cognizance of all demands arising upon contracts to a very small amount. This jurisdiction has, from time to time, been much enlarged as to the sum over which the justice’s court has cognizance; it adjudicated without the *597 aid of a jury. From the phraseology of the section I think it is plain, that in the opinion of the authors of the declaration, a controversy respecting a debt was not a controversy respecting property. That a debt was not property. For if it was, they would not have used the words remain sacred and inviolable; to remain, to be, to continue as it is. The word remain supposes a present state of things, which is to continue; and if in all trials at law respecting property, there must be a jury, the principle is as much violated when one cent is the subject of controversy as when ten thousand dollars are. Nor can the words be at all satisfied by permitting the jurisdiction to remain as it then stood; that is, not to increase the amount; for the words are, all controvei’sies at law respecting property, not all controversies to a certain amount. But I think that there can be no doubt when the other parts of the section are considered. The words respecting property are restrictive of the words, all controversies. What controversies are without the restriction? criminal prosecutions? they could not be intended, for they are provided for by the 9th section. Besides controversies respecting property there are but two others; controversies respecting debts or duties, and controversies respecting rights. If they are included under the description respecting property, then these words are useless and vain. The section has the same meaning without them as with them. They lose entirely their restrictive effect. For according to the opposite argument controversies respecting property mean all controversies whatever, except criminal prosecutions, and they are provided for by another section. But a debt or duty is not property in the proper sense of the word, although to comply with the intent, it is often so taken. Property is a thing over which a man may have dominion and power to do with it as he pleases, so that he violates not the iaw. He may give, grant, or-sell it at his pleasure. A person has an interest in a debt or duty; but a property in a thing only, *598 either natural or artificial. He cannot give or grant á debt or duty, because it is not property,* not because, as some supposed, the law through policy will not permit a fljjng ¡n acflon to be given or granted; it is because this thing in action is not property, that it cannot be granted. A rent service, a rent charge, a rent seek, may be granted, because the law recognizes it as property. And a mere covenant, when annexed to an estate, may be granted, because it is annexed to property. If the objection to granting a debt or duty is referable to policy, why permit these rents, or covenants annexed to an estate, to be granted ? A rent charge, or a rent seek, is a right to demand money of another, but being recognized by law as property, it immediately thereby becomes the subject of a grant. A debt or duty, although evidenced by bond or note, is not the subject of larceny because they are not property. Even bank notes are not the subject of larceny, although payable to bearer. And for the same reason a person cannot have a property in them, they are not the subject of property. I speak of these things at common law, that is in their nature; the acts of our legislature have lately made it larceny to steal most of them. In addition to the above, there has been, for nearly fifty years, an exposition of this section in conformity to the above principles. The jurisdiction has been much enlarged, but not extended to controversies respecting property to the amount of one cent. I concur in the argument of the defendant’s counsel, that the word ought in this and other sections of the instrument, should be understood imperatively. It is sufficient for the creature to know the will of the creator. Obedience is then a duty without an express command.
The other Judges concurring in this view of the clause referred to,
Judgment axtiumed.