Pearsqn, J.
 

 The petitioner is the administrator
 
 de bonis non,
 
 with the will annexed,
 
 oí
 
 John Wyatt, and the defendant is the administrator of Lawrence Cherry, who was; the executor of said Wyatt. The petition is filed for an account of the estate of said Wyatt.
 

 An account was taken, to which the petitioner filed four exceptions. The first and fourth were sustained.' The second and third were overruled, and the defendant appealed. This presents the first and fourth exceptions for our consideration.
 

 Both of these exceptions involve the construction of the following clause of the will: “ I give and bequeath to Lydia Wyatt, all the balance of
 
 my property
 
 during her -natural life, and at her death it is my will and desire, that the said
 
 property,
 
 loand to my said wife,
 
 shall be sold
 
 by my executor, with the exception of one acre of land, and the moneys arising
 
 from the sale of said property,
 
 to remain in the possession of my executor in trust for the benefit of my daughter Keziah Roby, during her natural life, to be furnished to her at such times and at all times at the discretion of my executor.” After the payment of his debts, which he directs
 
 “
 
 to be paid out of
 
 my
 
 estate,” there remained in the hands of the executor $273,80, being the principal and" iuterest of the bonds, accounts, and claims due the testator. This amount the executor paid over to Lydia Wyatt.
 

 The question is, whether the bonds, accounts, and other
 
 dioses in action
 
 passed under the above clause, or were un-disposed of and subject to distribution. The word “ estate” has a broader signification than the word “ property.” The /former includes
 
 dioses in action.
 
 The latter does not; and
 
 *63
 
 in reference to personalty is confined to “ goods,” which term embraces things inanimate — furniture, farming utensils, corn, &c.. and “ chattels,” which term, embraces living things — slaves, horses, cattle, hogs, &c. Nothing but personal property or “goods and chattels,” could, at common law, be seized under
 
 afi.fa.
 
 or be the subject of larceny.
 

 As the testator uses the word “ property,”
 
 ckóses in action
 
 are excluded, taking the word to have been used in its legal sense; and that such was his meaning is made still more manifest by the direction that all said property, at the death of his wife, shall be
 
 sold,
 
 and the moneys arising from the sale applied, &c.
 

 The fourth exception, because the defendant is charged with the amount of the debts, &c., which he collected and paid over to the widow, his Honor sustained. We concur in the opinion, that the defendant ought to be charged withthis sum; but there is error in not allowing the receipt of the widow to stand as a voucher for such part of the sum. as she was entitled to under the statute of distributions, and as to which the payment to her was rightful.
 

 The first exception, because the defendant is credited with the sum of $75, paid to Keziah Roby, his Honor sustained. In this there is error. The distributive share of Keziah Roby, in the proceeds of the notes, accounts, &c„ greatly exceeded this sum, and the payment of the $75 for her use was proper.
 

 There must be a reference to reform the accounts.
 

 Pee. Cukiam. Ordered accordingly.