## JOHN H. WHITE v. SUFFOLK & CAROLINA RAILROAD COMPANY.

*Trial—Instructions—Directing Verdict—Province of Jury.*

1. The Court can never find or direct an affirmative finding of the jury but may direct a negative finding when there is no evidence, or no such evidence as should be allowed to go to the jury, tending to establish the affirmative of the issue.

2. Where, in the trial of an action for damages caused by defendant's negligence, there is no evidence tending to prove contributory negligence, the Court may instruct the jury that there was no contributory negligence.

ACTION for damages for injuries caused by the negligence of defendant, tried at Spring. Term, 1897, of CHOWAN Superior Court before *Bryan, J.,* and a jury. The defendant set up as a defence the contributory negligence of the plaintiff. The testimony was as follows:

G. H. White testified:

"Am son of plaintiff. Accident occurred at Corapeake station Monday, February 17, 1896, at 7:30 o'clock p. m.; I was with him. Brinkley, Section Master, and I were the only persons present. My father was going to Chowan station; he lives eight miles from that station. Plaintiff bought his ticket in Jones' store; train blew. We stayed on Brinkley's platform till train got up to freight house; ticket agent said that train would not come up to station, must walk to it; then we all three started to train by regular route from

ticket office, as directed by ticket agent.  When we got to station, passenger coach was stopped north of freight house, which was in same building with waiting-room and station. The train was bound south; it had stopped at time of accident.  When we got to corner of waiting-room, there was a switch between main track and waiting-room.  C. Brinkley went ahead, plaintiff next; planks were across the path, and we had to go over them to get to coach, and there my father fell, not knowing they were there; two planks were there and he ran right against them and fell whole length on his stomach.  There were no lights anywhere about there, except at ticket office and in car; it was dark, and snowing as fast as I ever saw it.  We had just passed waiting-room; four or five feet to planks, and from planks to the coach fifteen or twenty feet; one end of planks on platform, other on switch near the walk; planks running across the path in which we were walking.  Plaintiff got aboard coach after falling. Train was in motion when I got off.  Train didn't stop opposite waiting-room that night.  From freight house to switch nearer than a foot; between side-track and switch very close.  Planks were used to roll freight from cars to house; one end of plank on platform (elevated) and other against iron on main track on the ground, most of time planks on platform.  I saw them drop planks down Saturday night; planks were a long distance from the engine. Jones and Brinkley live nearest to platform.  At time of fall we were two feet or three feet from platform; plaintiff fell on switch; was walking on switch, he got up himself. Stayed with C. Brinkley night before and at my wife's father's the day of accident.  My father was carrying an umbrella.  Brinkley was with him."

Plaintiff testified in his own behalf:

"Accident occurred at Corapeake station.  I bought ticket and was standing on Brinkley's piazza, and went from there

to cars; we were all together.   I didn't know planks were
there, and fell over them; got up and went to train; didn't
see planks.   I spent Sunday at C. Brinkley's house.   Started
from Brinkley's store; he went along to show me the way;
as we got to planks, I followed him, he stepped a little aside
and over the lower end of the planks; I went right along in
usual route used by passengers, but fell and got hurt.   Brink-
ley didn't tell me to "look out," "not to go ahead," "not to
fall over the planks."   Brinkley and I were walking under
an umbrella, I lowered it just before we got to the planks.
There was no light of any kind so that we could see the
planks.   It was so dark I could see nothing."

There was no exception to the evidence concerning the
question of damage.

There was no evidence bearing on the question of con-
tributory negligence, except that set out above.

Defendant introduced no evidence at close of plaintiff's
evidence, and consented that first issue be answered "Yes."

The defendant in apt time requested the Court to charge
the jury as follows:

"It being admitted that it was dark and stormy at the
time of the accident, it was the duty of the plaintiff to act
with more than usual caution, and if he failed to use greater
than ordinary caution and such failure contributed to the
accident, the jury should answer the second issue "Yes." "

(This the Court refused to give, and defendant excepted.)

"2.   If the plaintiff, being a stranger and not knowing the
way to the train and the night being dark and stormy, left
the store of J. Brinkley, C. Brinkley going with him to show
him the way, it was his duty to follow and be guided by
said C. Brinkley; and if he failed to do so and such failure
contributed to the injury he received, the jury should answer
the second issue "Yes." "   (This was refused.   Defendant
excepted.)

"3. The plaintiff, being a stranger and not knowing the route to the train, and it being dark and stormy, C. Brinkley being with him for the purpose of guiding and directing him, his failure to follow said Brinkley was of itself negligence, and if such negligence caused or contributed to his injury the jury should answer the second issue "Yes." (This the Court refused and defendant excepted.)

The Court charged the jury, that in determining the question of negligence, they should take into consideration the situation and conduct of both parties at the time of the injury, as disclosed by the evidence; and if they believe, from the evidence, that the injury resulted from the negligence of the defendant, and as hereinafter explained, and without any greater want of care on the part of the plaintiff than was reasonably to be expected from a person of ordinary care and prudence in the situation in which he found himself, then the plaintiff is entitled to recover." To this charge the defendant excepted.

The Court after giving the approved definition of contributory negligence, further charged:

"If jury find from the evidence that plaintiff, in going to the cars, the night being dark and stormy, used such ordinary care and prudence as a man of ordinary prudence would have used in walking to the cars under similar circumstances, then he would not be guilty of contributory negligence, and you would answer second issue "No."

(Defendant excepted.)

"7. It being shown by witnesses that there were no lights at or near the obstructions; that the plaintiff was a passenger with a regular ticket; that he walked from the ticket office to car in the night time on the regular route used by defendant's passengers, he having sworn that he knew nothing of the obstructions and nobody having contradicted him, if the jury find from the evidence the above facts to be

true, then plaintiff was injured by negligence of defendant, and the jury will answer the first issue "Yes."

(To this charge defendant excepted.)

"8. It being admitted by defendant, in its answer, that it was its duty to have its grounds properly lighted, and to have its passenger coaches come up to its station, if the jury find that defendant failed to do either, and the plaintiff was injured in consequence thereof, they will answer the first issue "Yes."

"9. If the jury find that plaintiff was walking in the night in the usual route used by passengers in going from ticket office to coach, and he knew nothing of the planks obstructing, he had the right in law to assume the way was open and clear; and if it were snowing and there were no lights to disclose the position of the planks, then plaintiff is not guilty of contributory negligence, and the jury will answer the second issue "No." " Defendant excepted.

There was a verdict for the plaintiff for $500 and from the judgment thereon the defendant appealed.

*Messrs. Jones & Boykin,* for plaintiff.
*Messrs. Shepherd & Busbee,* for defendant (appellant).

FURCHES, J.: This is an action to recover damages received by the plaintiff on account of the alleged negligence of the defendant. It is admitted and found by the jury that defendant was guilty of negligence. And it is found that plaintiff was damaged to the amount of five hundred dollars, and there is no exception to this finding.

But it is alleged by defendant that plaintiff was also guilty of negligence, and that this was the proximate cause of the injury. It is also contended by defendant that the Court, by its charge in substance, instructed the jury that there was no contributory negligence, in violation of the rule in *Hinshaw* v. *Railroad,* 118 N. C., 1047.

The Court can never find, nor direct an affirmative finding of the jury. *State* v. *Shule*, 32 N. C., 153. The most the Court can do is to instruct the jury, where there is no conflict of evidence, that if they believe the evidence they should find yes or no as the case may be. But where there is no evidence, or no such evidence as should be allowed to go to the jury tending to establish the affirmative of the issue in dispute, the Court should direct the finding in the negative.

The burden of the issue of contributory negligence was on the defendant. And if there was evidence or such evidence as should go to the jury (*Wittkowsky* v. *Wasson*, 71 N. C., 451) tending to establish the affirmative of this issue, and that it might have been reasonably found for the defendant, the charge of the Court could not be sustained. *Hinshaw* v. *Railroad, supra,* but where there is no conflict in the evidence (as in this case) and but one reasonable conclusion could be deduced from it, then the Court has the right to direct the finding, if the jury believe the evidence, as a question of law. *Hinshaw* v. *Railroad, supra.*

The defendant introduced no evidence, but relied on the evidence of the plaintiff. The only evidence introduced by the plaintiff was that of himself and his son. And upon a careful examination of this testimony, we fail to find that it proves or tends to prove contributory negligence on the part of the plaintiff. The judgment must be affirmed.

Affirmed.