## WATSON v. FARMER.

(Filed May 22, 1906).

*Justices of the Peace — Jurisdiction — Torts — Remitting Excess—Contributory Negligence—Pleadings—Issues.*

1. Courts of justices of the peace have jurisdiction to hear and determine actions for injury to personal property and to render judgments thereon, not exceeding fifty dollars, and the jurisdiction is not determined by the value of the property injured, but by the amount demanded in the warrant or complaint.

2. Where in an action for a tort brought before a justice of the peace, the plaintiff demanded fifty dollars damages and the justice rendered judgment for that sum and on appeal the jury assessed the damages at more than fifty dollars, the plaintiff could remit the excess and take judgment for the sum demanded.

3. Where the answer fail to set out the acts and defaults of the plaintiff constituting contributory negligence, the judge did not err in not submitting an issue as to contributory negligence.

ACTION by S. J. Watson against J. O. Farmer, heard on appeal from a justice of the peace by *Judge Chas. M. Cooke* and a jury, at the October Term, 1905, of the Superior Court of WILSON.

The issues submitted were: 1. Was the plaintiff's mule injured by the negligence of the defendant's driver? Yes.

2. What damage did the plaintiff sustain? $55. Thereupon the plaintiff remitted the excess and the court rendered judgment for $50. Defendant appealed.

*Pou & Finch* for the plaintiff.
*Aycock & Daniels* and *J. A. Farmer* for the defendant.

BROWN, J. It is contended by the defendant that the justice of the peace had no jurisdiction of the cause of action set out in the complaint, and that the judge erred in not submitting an issue as to contributory negligence.

1. The jurisdiction of the courts of justices of the peace to hear and determine actions for injury to personal property and to render judgments therein, not exceeding fifty dollars, is upheld by this court in *Malloy v. Fayetteville,* 122 N. C., 480, in an opinion by the present *Chief Justice,* in which all the authorities are collected. We are not disposed to question that decision, but, on the contrary, regard the question as settled by it. The jurisdiction of the justices is not to be measured by the value of the personal property injured. It is to be determined by the amount demanded in the warrant or complaint. It is true there are cases like this where the actual damage sustained exceeds $50, but we see no reason why the plaintiff should not lay his damage at $50. He cannot recover in tort any more than he demands, and having recovered that in one action he is debarred from any further recovery on the same cause of action. *Eller v. Railroad,* 140 N. C., 140. His Honor should have directed the jury to limit their assessment of the damages to $50, the sum demanded. As His Honor did not do so, and the jury rendered a verdict for $55, we see no good reason why the plaintiff should not be permitted to remit the excess and take his judgment for the sum within the justice's jurisdiction, and which was all the plaintiff sued for. The justice himself fixed the damage at $50 and rendered judgment for that sum, it being

within his jurisdiction. Because a jury inadvertently as-
sessed the damage at $5 more than the plaintiff demanded, is
no reason for ousting the justice's jurisdiction when the
plaintiff is willing to remit the excess. The question is de-
cided in *Noville v. Dew,* 94 N. C., 43, in accord with the
plaintiff's contention.

2. In this case the pleadings are in writing. The answer
fails to set out the acts and defaults of the plaintiff or his
servant constituting contributory negligence, and is therefore
insufficient to raise the issue. 5 Enc. Pl. & Pr., 12. Also,
there seems to be an absence in the record of any evidence
of contributory negligence.

Affirmed.

CONNOR, J., concurring: I think that the decisions of the
court, upon the authority of which the conclusion in this
case is based, are not in accord with the correct construction
of the language of the Constitution. They fail to give due
force to the words, "Wherein the value of the property in
controversy does not exceed fifty dollars." If that limitation
be abandoned, I cannot see why any action in tort, wherein
the "amount demanded," which is said to be the standard,
does not exceed fifty dollars, may not be brought within the
jurisdiction of a justice of the peace. The framers of the
Constitution evidently intended to make a distinction be-
tween the limitation placed upon jurisdiction in actions
founded upon contract, wherein the "sum demanded" is made
the test, and those arising out of tort by making the "value
of the property in controversy" the test. If the power given
the Legislature to confer jurisdiction "in other civil actions
wherein the value of the property in controversy does not ex-
ceed fifty dollars," which was exercised in strict accordance
with, and the exact language of, the Constitution, had been
adhered to, the justice would have had jurisdiction to try
actions in the nature of *detinue* and *replevin,* involving title

to personal property within the value fixed. It has always been the theory of the law that a jury was peculiarly fitted to assess damages—hence the limitation put upon the jurisdiction of justices. I do not care to discuss the question further than to say that my concurrence is based entirely upon the doctrine of *stare decisis.* I think it probable that the logical result of the decided cases will some day compel the court to re-examine the question and return to the standard fixed by the organic law. In the light of the decisions of this court His Honor ruled correctly.

WALKER, J., concurs in concurring opinion.