### DUCKWORTH v. MULL.

(Filed December 22, 1906).

*Torts—Jurisdiction of Justice—"Property in Controversy."*

1. In an action begun before a justice of the peace in which the plaintiff made demand in the sum of $50 for damages done to his property and premises by defendant in depositing the carcass of a dead horse near the lands of the plaintiff, whereby the comfort and enjoyment of his home were impaired and a nuisance committed to his premises, the Superior Court, on appeal, erred in dismissing the action for want of jurisdiction in the justice.

2. Art. IV, sec. 27, of the Constitution, and Revisal, sec. 1420 (enacted to carry out this provision), which provides that "justices of the peace shall have concurrent jurisdiction of civil actions not founded on contract wherein the value of the property in controversy does not exceed $50," comprehend all actions *ex delicto*, the term "property in controversy" meaning the value of the injury complained of and involved in the litigation, and where a plaintiff, in good faith, states or limits his demand in actions of this character at fifty dollars or less, the justice has jurisdiction concurrent with the Superior Court to hear and determine the matter.

WALKER and CONNOR, JJ., dissenting.

ACTION by Frank Duckworth against F. R. Mull, heard on appeal from a justice of the peace by *Judge O. H. Allen* and a jury, at the June Term, 1906, of the Superior Court of BURKE.

The plaintiff made demand in the sum of fifty dollars ($50) for damage done to his property and premises by defendant in depositing the carcass of a dead horse near the lands of the plaintiff, whereby the comfort and enjoyment

of his home were impaired and a nuisance committed to his premises by the filth and stench arising and flowing therefrom.

There was evidence on the part of the plaintiff tending to show that the defendant, on 22 June, 1904, had placed in a gully above his (plaintiff's) spring and premises, the carcass of a horse; that the point where the same was deposited was only some fifty yards above the head of a branch which ran within ten steps of plaintiff's spring, and that when it rained, the water would run down the gulley from the carcass from the head of the branch and on down past the spring.

There was evidence tending to show further that the plaintiff suffered great annoyance and discomfort from the stench arising from said carcass; that it could be noticed distinctly 300 yards below the premises and spring of the plaintiff, and in the field above his house; that his stock refused to drink in the branch at his watering-place; that the buzzards sat in the trees and around the spring, and that he was forced to get water at another place; that plaintiff, prior to the beginning of this action, went to defendant and asked him to cover up or remove the carcass, but defendant refused to do so.

At the close of plaintiff's testimony the defendant moved for judgment as of nonsuit under the Hinsdale act for want of jurisdiction in the justice of the peace before whom the same was begun, and of the Superior Court on appeal to hear and determine the same. Motion allowed, and plaintiff excepts. Judgment for defendant, to which judgment plaintiff excepted and appealed to the Supreme Court.

*Avery & Ervin* for the plaintiff.
*Avery & Avery* for the defendant.

HOKE, J. The Constitution of this State, Art. IV, sec. 27, ordains that justices of the peace shall have jurisdiction,

under such regulations as the General Assembly shall prescribe, of civil actions founded on contract wherein the sum demanded shall not exceed $200 and wherein the title to real estate shall not be in controversy; and provides further that the General Assembly may give to the justices of the peace jurisdiction of other civil actions wherein the value of the property in controversy does not exceed $50.

Carrying out the provisions of this section, the Legislature has enacted as follows:

Sec. 1419: "Justices of the peace shall have exclusive original jurisdiction of all civil actions founded on contract except, (*a*) wherein the sum demanded, exclusive of interest, exceeds $200; (*b*) wherein the title to real estate is in controversy."

Sec. 1420: "Justices of the peace shall have concurrent jurisdiction of civil actions not founded on contract wherein the value of the property in controversy does not exceed $50." Revisal 1905, secs. 1419, 1420.

By this statute, the Legislature has conferred on justices of the peace jurisdiction in terms certainly as broad as the Constitution permitted, and this jurisdiction, therefore, will depend on the true interpretation of the constitutional provision.

The question involved here being one of civil jurisdiction, only the clauses of the Constitution pertinent to that inquiry have been quoted. And the subject of contract having been dealt with in express terms, when the Constitution provided that jurisdiction could be conferred in "other civil actions," it was referring to actions of tort, and the question presented here is whether this clause authorizing that jurisdiction could be given in "other civil actions where the value of the property in controversy does not exceed fifty dollars," includes all torts or only a restricted class of torts.

On that question we think that the decisions of this Court, already made, lead necessarily to the conclusion that the clause referred to comprehends, and was intended to comprehend, all actions *ex delicto;* that the term, "property in controversy," here used as determinative of jurisdiction, by correct interpretation, means the value of the injury complained of and involved in the litigation; and where a plaintiff, in good faith, states or limits his demand in actions of this character at fifty dollars or less, the justice, as provided by the statute, has jurisdiction concurrent with the Superior Court to hear and determine the matter.

Thus in *Malloy v. Fayetteville,* 122 N. C., 480, it was held:

(*a*) "The provision in sec. 27, Art. IV, of the Constitution, authorizing the General Assembly to give to justices of the peace 'jurisdiction of other civil actions wherein the property in controversy does not exceed fifty dollars,' is not a restriction, even by implication, to forbid conferring jurisdiction where damage, and not property, is in controversy.

(*b*) "Section 888 of The Code authorizing action for 'damages' not exceeding fifty dollars to property, though the property be of greater value, does not contravene sec. 27 of Art. IV of the Constitution, and is authorized by sec. 12 of said article.

(*c*) "A justice of the peace has jurisdiction of an action for damages not exceeding fifty dollars for injury to personal property, though such property be of greater value than fifty dollars."

This was an action for negligent injury to personal property where the property, a horse and buggy, was shown to be worth more than one hundred dollars; but the injury thereto, the matter in litigation, was alleged and proved to be less than fifty dollars, and the verdict and judgment were upheld.

And in the more recent case of *Watson v. Farmer,* 141 N. C., 452, approving *Malloy v. Fayetteville,* it was held:

"Courts of justices of the peace have jurisdiction to hear and determine actions for injury to personal property and to render judgments thereon, not exceeding fifty dollars, and the jurisdiction is not determined by the value of the property injured, but by the amount demanded in the warrant or complaint."

*Justice Brown,* in delivering the opinion, says "the jurisdiction of the justice is not to be measured by the value of the property, but by the amount demanded in the warrant or complaint."

In both of these opinions the value of the property injured is rejected as the test of jurisdiction, and the value of the injury, as defined and limited by the summons and complaint, is adopted.

And we are not impressed with the position taken, that this addition to a justice's jurisdiction should be confined to actions for claim and delivery of personal property.

While the proceedings of the Convention of 1875, this being the convention by which the section in question was established, are not very fully reported, we know that one of the purposes considered most desirable at that time was to enlarge the jurisdiction of justices of the peace; and no good reason suggests itself why such a purpose should be stopped short by adding only one additional cause of action to the jurisdiction already had by these officers; and we know that the first Legislature which met after this change in the organic law enacted the statute as it now appears in the Revisal, sec. 1420: "Justices of the peace shall have jurisdiction of civil actions not founded on contract wherein the value of the property does not exceed fifty dollars."

The simple, natural interpretation of the statute would make it apply to all "civil actions not founded on contract," and should have much weight as the first legislative interpretation of the meaning of the clause in question.

143—30

Again, it is urged that if the Convention of 1875 had intended to confer this extended jurisdiction in actions for tort, they would have used the terms, "in other actions where the amount demanded does not exceed fifty dollars," as they did in speaking of contract.

The answer is, that in contract the "sum demanded" would include every case of contract; whereas, in tort, these words would not have been sufficiently broad, inasmuch as they would have excluded actions for specific personal property, one of the most useful and common of the actions *ex delicto*. And it might be further answered that if the convention had intended to confine this jurisdiction to actions for claim and delivery, they could easily have said so; and they no doubt would, for they were a body of men who knew their minds and knew how to express their meaning in apt and forceful language.

We are clearly of the opinion, as heretofore stated, that these words, "where the property in controversy does not exceed fifty dollars," mean, and were intended to mean, the value of the injury involved in the litigation.

In the business affairs and transactions of individuals and the construction of instruments which concern the devolution and transfer of property between them, this term "property" has usually received a more restricted construction. It has been so in the decisions of our own Court; but in constitutions and public statutes where the words permit, and the spirit and intent of the law require, the word "property" has frequently and more usually been accorded the broader significance which we have given it.

In the sections of our Constitution protecting life and property, the term is held to include vested rights of action.

As said in Cooley on Constitutional Limitations (7 Ed.), p. 577: "A vested right of action is property in the same

sense in which tangible things are property, and is equally protected from arbitrary interference."

And in Black's Constitutional Law, p. 432, it is said: "A cause of action, accruing at common law or by a contract, which is fixed and settled in a particular person, and continues in force, is a vested right within the protection of the constitutions. It is property, and it cannot lawfully be divested by legislative interference, or by taking away the legal means of making it effective, or by so hampering it with conditions or restrictions as to render it practically worthless." Also, *Angel v. Railway,* 150 U. S., pp. 1-19.

And in *Railway v. Dunn,* 52 Ill., 260, construing a statute giving to married women control over their separate property, the term "property" was held to include a right of action for personal injury. In delivering the opinion *Chief Justice Breese* said: "If, then, it can be established that the right of action for this injury is property, as it came to her from a source other than her husband, then it was her separate property and comes under the operation of the act." And the *Chief Justice* then proceeds: "Chancellor Kent, in his Commentaries, says another leading distinction in respect to goods and chattels is the distribution of them into things in possession and things in action. The latter are personal rights, not reduced to possession, but recoverable by suit at law. Money due on bond or other contract, damages due for breach of covenant, for the detention of chattels or for torts, are included under this general head or title of things in action. 2 Kent's Com. (Comstock's Ed.), 432, under the head of the nature and various kinds of 'personal property.' A right to sue for an injury is a right of action; it is a thing in action, and is property according to this authority."

There are decisions by the Supreme Courts of Michigan, Rhode Island and Connecticut to like effect in questions of similar import. *Dunlap v. Railway,* 50 Mich., 470; *Cooney*

*v. Lincoln,* 20 R. I., 183; *Hubbard v. Brainard,* 35 Conn., 563.

There is a decision to the contrary in Wisconsin: *Gibson v. Gibson,* 43 Wis., 23. In that case, some weight was given to the wording of the particular statute. Apart from this we do not think this case is well considered, or that it is in accord with the weight of authority.

We are therefore of opinion, and so hold, that the Constitution has granted the right to confer jurisdiction to the extent therein specified in the case of all actions arising *ex delicto;* and the Legislature having given this jurisdiction to justices of the peace, there was error in dismissing the case, and the judgment is reversed.

Judgment Reversed.

WALKER, J., dissenting: This is the first case, I believe, where a justice of the peace has been held to have jurisdiction of an action for the recovery of damages for a tort which did not consist in a direct injury to property. My own opinion is, and always has been, that it was never intended by the Constitution, Art. IV, sec. 27, to confer jurisdiction in actions not *ex contractu,* except for the recovery of specific property or, at most, for the recovery of damages to property not exceeding the value of fifty dollars. Jurisdiction of the justice could only be vested by express provision of the Constitution, or by legislative grant given in pursuance of the provisions of the Constitution. The Constitution, Art. IV, sec. 27, provides that "The several justices of the peace shall have jurisdiction, under such regulations as the General Assembly shall prescribe, of civil actions founded on contract, wherein the sum demanded shall not exceed $200, and wherein the title to real estate shall not be in controversy; and of all criminal matters arising within their counties wherein the punishment cannot exceed a fine of $50 or imprisonment for thirty days. And the General Assembly

may give to justices of the peace jurisdiction of other civil actions wherein the value of the property in controversy does not exceed $50." The Constitution does not in terms confer jurisdiction upon justices to try actions for damages arising from torts, and it limits the power of the General Assembly in conferring jurisdiction to those cases wherein the value of the property in controversy does not exceed $50. In *Malloy v. Fayetteville,* 122 N. C., 480, it was held that a justice of the peace has jurisdiction of an action for damages not exceeding $50 for injury to personal property, though such property be of greater value than $50; but this was held by a bare majority of the Court, and, with all respect, I submit, against the correct interpretation of the Constitution.

Unless sec. 27 of Art. IV is a restriction upon the legislative power to confer jurisdiction upon justices of the peace, then there is no restriction upon the legislative will in this direction, and jurisdiction may be conferred upon them in any amount and covering every variety of action.

Art. IV, sec. 12, which is cited in the opinion in *Malloy v. Fayetteville,* in support of the decision in the case, concludes with the sentence, "so far as the same may be done without conflict with other provisions of this Constitution." Any allotment of other jurisdiction than that mentioned in sec. 27 is certainly in conflict with that section. The enumeration of powers which may be exercised is always held to exclude the exercise of other powers not enumerated. When the Constitution says, "and the General Assembly may give to justices of the peace jurisdiction of other civil actions wherein the value of the property in controversy does not exceed $50," it is manifest that the meaning would not be added to it if it had said further, "it shall confer no further or other jurisdiction." If sec. 12 of Art. IV authorizes an allotment of jurisdiction not mentioned in sec. 27, why would it not be competent for the Legislature to increase the juris-

diction in actions founded on contract to any amount it pleases beyond $200? Why would it not also be competent for the Legislature to give to justices of the peace jurisdiction in criminal matters without the limitation of punishment? Section 27 does not expressly forbid the Legislature to confer jurisdiction beyond $200 in civil suits nor in criminal matters where the punishment exceeds a fine of $50 or imprisonment for thirty days. It simply says that justices shall have jurisdiction up to that limit, but certainly does not say that they shall not have jurisdiction beyond that limit.

It is true that there are a number of cases having their origin before justices of the peace which were brought to recover damages for injury to personal property and which came to this Court and were upheld before the case of *Malloy v. Fayetteville* was decided; but not in a single one of those cases was the question of the constitutional power to confer jurisdiction raised. It appears for the first time in *Malloy v. Fayetteville,* and the authority of that case is greatly weakened by the force of the two dissenting opinions. Even if the Legislature could confer the jurisdiction on a justice of the peace of an action for the recovery of damages for injury to personal property, it appears to me that it has not done so.

Section 1420 of the Revisal of 1905 provides: "Justices of the peace shall have concurrent jurisdiction of civil actions not founded on contract, wherein the value of the property in controversy does not exceed $50." This section is in exact harmony with sec. 27 of Art. IV of the Constitution, and in express terms confers the jurisdiction which the Constitution permitted the Legislature to confer.

The section relied on in the opinion of the Court in *Malloy v. Fayetteville* is now sec. 1476 of the Revisal of 1905, and reads as follows: "All actions in a court of justice of the peace for the recovery of damages to real estate, or for the

conversion of personal property, or any injury thereto, shall
be commenced and prosecuted to judgment under the same
rules of procedure as provided in civil actions in a justice's
court." This section assumes the existence of the jurisdic-
tion of the justice in such cases, and merely provides rules
for the conduct of the trials, but it does not confer jurisdic-
tion. It is significant that sec. 1420 appears in the Revisal
under subdivision III, chap. 27, entitled "Civil Jurisdic-
tion," while sec. 1476 appears under subdivision VII, chap.
27, entitled "Rules of Procedure." Section 1420, conferring
the jurisdiction which the Constitution says the Legislature
may confer,. limits that jurisdiction to cases wherein the
value of the property in controversy does not exceed $50.
Section 1476 places no limitation upon the jurisdiction. If
sec. 1476 does confer jurisdiction upon justices of the peace
to hear and determine cases involving injury to personal
property, to what amount is their jurisdiction limited? The
Court in *Malloy v. Fayetteville* assumes that the amount is
limited to $50; but why to $50? Section 1476 makes no
limitation. It simply lays down the rule of procedure, which
is certainly not the same thing as jurisdiction, and that rule
of procedure is to be the same as provided in civil actions
in the justice's court. Now there are two kinds of civil
actions in the justice's court: one founded on contract,
wherein the jurisdiction is limited to $200, and one founded
on tort, wherein the jurisdiction is limited to $50. Which
shall be the limitation here, and what did the Legislature
mean? It seems clear to me that the Legislature, even if it
had the power, has not conferred upon justices of the peace
jurisdiction in matters of this sort. When the Constitution
established the courts of justices of the peace, it fixed their
jurisdiction, and when it conferred upon the Legislature the
authority to add to that jurisdiction, it in express terms
states in what particular it may add to it. But whether or

not jurisdiction is conferred in cases of tort for injury to
property, and is not confined to the recovery of specific prop-
erty, an action, such as this one, is certainly one of the first
impression. The Convention could not have intended to
grant such jurisdiction in all cases of wrongs, whether to
property, person or character, and without regard to their
nature, by the mere use of the word "property," which has a
well-defined meaning, when used in the Constitution in con-
nection with the subject to which it relates.

In *Malloy v. Fayetteville,* it appears, at p. 483, that the
present *Chief Justice,* who there spoke for the Court, evi-
dently thought there was a clear distinction between the word
"property," as used in the Constitution, and the word "dam-
ages," or the right to recover them, and he places the decis-
ion of the Court upon the ground that the right to recover
"damages" as distinguished from "property" is conferred,
and conferred only, by Art. IV, sec. 12, of the Constitution,
which provides that the portion of power and jurisdiction
which does not pertain to this Court may be allotted and dis-
tributed by the Legislature among the other courts created
by that instrument or which may be established by law, in
such manner as it may deem best, and that the Legislature
has actually given the jurisdiction under this section by
passing what is now sec. 1476 of the Revisal.

But it has been shown, it seems to me, that no such juris-
diction was conferred by that enactment (Revisal, sec. 1476)
or intended to be conferred by the Constitution, Art IV,
sec. 12. But there is more to be said: When conferring
jurisdiction of non-residents upon courts a sharp distinction
has always been drawn between the word "property" and
the term "subject-matter" of the action. The latter term
signifies the nature of the cause of action and of the relief
sought. It relates to the right to prosecute the particular
suit and to obtain the relief demanded; while the word

"property" is used in quite a different sense as denoting something tangible, or at least something which may be subjected to the process of the Court, as in the case of attachment or garnishment. It is the *res* and not the mere right in the particular action to sue for damages. *Cooper v. Reynolds,* 77 U. S., 308; *Pennoyer v. Neff,* 95 U. S., 714; *Foltz v. Railroad,* 19 U. S. App., 581; *Hall v. Hall,* 12 W. Va., 15. When we refer to the constitutional protection over property or the right of a married woman to acquire and own property in her own right, as her separate estate, or to the subjects of taxation—and perhaps there are some other instances—we may very well say that the word "property" as there used should be considered a *nomen generalissimum* and should embrace within its meaning everything owned and possessed, whether tangible or intangible, for that is the manifest purpose. This meaning is given to the word in order to comply with the evident intent, as ascertained from the context, and the necessity arising out of the particular nature of the law being construed. Cases referring to such a use of the word are not, therefore, in point. It would seem that my view is supported by the case of *Smith v. Campbell,* 10 N. C., 590, where the Court gave a restricted meaning to the word "property" when construing a clause of the Constitution in respect to the jurisdiction of a justice of the peace. See also *Pippin v. Ellison,* 34 N. C., 61. When the word was used in the Constitution it was meant to refer to the thing for the recovery of which the action is brought, and not to the right to bring the action to recover that thing. It is the value of the former, and not of the latter, that determines the jurisdiction, and it can make no difference whether the thing to be recovered is personal property in possession or a chose in action. If either is the thing sought to be recovered, or the value of it, if there has been a conversion, it is the "property in controversy." The divis-

ion of property into real and personal and of the latter into property in possession and in action can have no material bearing on this case, and will tend, I think, more to obscure than to elucidate the real question involved. The framers of the Constitution evidently meant that the thing for the recovery of which, or of damages for its conversion, the suit is brought, should be considered as the property in controversy. This is the natural and, it seems to me, the only meaning they could have intended to express. If it is not, it logically follows from the decision in this case that a justice will have the power to try all kinds of torts, such as libel, slander, seduction and the many others known to the law. It cannot be that it was intended to confer such an extensive jurisdiction.

Connor, J., concurs in the dissenting opinion.