LENA RICHARDSON v. DAVID W. RICHARDSON

No. 6918SC112

(Filed 26 February 1969)

**1. Divorce and Alimony § 16— alimony without divorce — sufficiency of pleadings — statute**

Where complaint otherwise contained sufficient allegations to support a cause of action for alimony without divorce on ground of abandonment, the fact that the complaint referred to the repealed G.S. 50-16 rather than to the now effective G.S. 50-16.1 is not fatal.

**2. Pleadings § 2— necessity of pleading statute**

A complaint is to be judged by the facts alleged therein, and if the allegations are sufficient, reference to a particular statute is unnecessary and may be regarded as surplusage.

**3. Divorce and Alimony § 16— alimony without divorce — sufficiency of pleadings**

The plaintiff in an action for alimony without divorce on the ground of abandonment is not required to allege the acts and conduct relied upon as the basis of the action with that degree of particularity as is required when the cause of action is based on such indignities to the person as to render her condition intolerable and life burdensome. G.S. 50-16.1 et seq.

APPEAL from *Martin, S.J.*, 4 November 1968, Session of GUILFORD County Superior Court (High Point Division).

Lena Richardson (plaintiff) instituted this civil action for alimony without divorce against her husband, David W. Richardson, (defendant) by summons issued on 14 February 1968 in the Municipal Court of the City of High Point. The verified complaint, which was filed 14 February 1968, alleged citizenship and residence of both parties in Guilford County, North Carolina, and it further alleged the following:

"3.   That the plaintiff and defendant are now legally married to each other with no minor children having been born of the marriage.

4.   That on or about November 24, 1967, the defendant willfully and unlawfully abandoned this plaintiff while they were living at their home at Route 1, Jamestown, North Carolina; that said abandonment was without just cause or provocation on the part of the plaintiff, in violation of G.S. 50-7 and G.S. 50-16.

5.   That the plaintiff at all times since her marriage to the defendant has been a faithful and dutiful wife and has contributed her time and energies to attempting to establish a home for herself and her husband, and has done all possible to help her husband maintain a home and prosper financially.

6.   That since the defendant unlawfully abandoned plaintiff as aforesaid, he has failed and refused to provide any support for this plaintiff whatsoever and plaintiff has been left in dire need and destitute circumstances.

7.   That the defendant is employed by Oakdale Cotton Mills and the plaintiff is informed and believes that the defendant is earning in excess of Eighty ($80.00) Dollars per week.

8.   That the plaintiff is without means with which to support herself or her children or to enable counsel to prosecute this action and she is dependent for support upon the estate, real and personal, of her husband.

9.   That this alimony without divorce action is brought under Chapter 50, Section 16, of the General Statutes of the State of North Carolina."

The defendant filed an answer on 12 March 1968. After hearing the cause, Judge Haworth of municipal court entered an order on 15 March 1968 requiring the defendant to pay alimony *pendente lite* in the amount of fifteen dollars per week and counsel fees in the amount of one hundred dollars. An appeal was taken from this order to superior court, where the cause was heard by Judge Lupton. Under date of 10 June 1968 he signed an order to the effect that the previous order of Judge Haworth was erroneous and that the cause be remanded to municipal court for finding of facts necessary to support the order and to consider other assignments of error. The attorneys for both parties consented to this order.

When the cause was returned to municipal court, the defendant

filed a demurrer *ore tenus* on 1 August 1968 in which he stated: "That this Court has no jurisdiction over the subject of this action, in that it is alleged in paragraph #9 of plaintiff's Complaint that the plaintiff's relief in this action was demanded under the provisions of G.S. 50-16, and on the 14th day of February, 1968, when this complaint was filed in this Court, G.S. 50-16 had been repealed and said law referred to therein was not in force and effect on said 14th day of February, 1968."

Judge Haworth denied the demurrer *ore tenus* and entered an order allowing the plaintiff's motion to amend the complaint by substituting "G.S. 50-16.1" in lieu of "G.S. 50-16." This order was entered on 13 September 1968, and on the same day he entered a second order finding as a fact that the plaintiff was substantially dependent upon the defendant for support and that the plaintiff did not have sufficient means to subsist during the prosecution of this action and to defray the necessary expenses thereof. It was also found as a fact that the defendant abandoned the plaintiff on 24 November 1967 without just cause or provocation on the part of the plaintiff. Judge Haworth then ordered the defendant to pay alimony *pendente lite* in the amount of ten dollars per week and counsel fees in the amount of one hundred twenty-five dollars.

The defendant excepted to each and every finding of fact and again appealed to superior court. Under date of 4 November 1968 Judge Robert M. Martin entered an order affirming and ratifying the orders entered by Judge Haworth on 13 September 1968. From this order, the defendant appealed to the Court of Appeals.

*Morgan, Byerly, Post & Keziah by David M. Watkins for plaintiff appellee.*

*William H. Steed for defendant appellant.*

CAMPBELL, J.

The defendant assigns as error the order signed by Judge Martin which affirmed Judge Haworth's orders of 13 September 1968. It is his contention that the complaint does not state a cause of action because the plaintiff did not amend her complaint to allege "G.S. 50-16.1" in lieu of "G.S. 50-16", as was allowed by one of Judge Haworth's orders. He also contends that the complaint does not state a cause of action because it is deficient in other particulars.

[1]     The question presented to this Court is whether the complaint as originally filed on 14 February 1968 is sufficient to state a cause

of action in view of the reference to G.S. 50-16, which was repealed as of 1 October 1967. Effective as of 1 October 1967 actions for alimony and alimony *pendente lite* are provided for pursuant to G.S. 50-16.1 through G.S. 50-16.10. The answer to this question is "yes".

[2]    In order to state a cause of action, it is not necessary to put in the complaint the statute upon which the pleader is relying. "The function of a complaint is to state in a plain and concise manner the material, essential or ultimate facts which constitute the cause of action, but not the evidence to prove them. . . . It is not necessary to plead the law. The law arises upon the facts alleged, and the court is presumed to know the law." *Moore v. W O O W, Inc.,* 253 N.C. 1, 116 S.E. 2d 186. A complaint is to be judged by the facts alleged therein, and if the allegations are sufficient, reference to a particular statute is unnecessary. Therefore, such a reference may be regarded as surplusage.

The complaint alleges: one, that the plaintiff and defendant are legally married; two, that the plaintiff, the dependent spouse, is dependent for support upon the defendant, who is the supporting spouse within the meaning and intent of G.S. 50-16.2; and three, that the defendant "willfully and unlawfully abandoned this plaintiff while they were living" together and he "has failed and refused to provide any support for this plaintiff whatsoever and plaintiff has been left in dire need and destitute circumstances."

[3]    "The complaint states a cause of action based on abandonment. . . . Hence it is not necessary to allege with particularity acts and conduct as required when the cause is based on such indignities to the person as to render the condition intolerable and life burdensome." *Sguros v. Sguros,* 252 N.C. 408, 114 S.E. 2d 79.

Affirmed.

BROCK and MORRIS, JJ., concur.