MARGARET LOUISE THARPE v. STACY BREWER AND JOY DOWELL SWAIM

No. 7023SC112

(Filed 1 April 1970)

**1. Trial § 21— motion for nonsuit — consideration of evidence**

In considering a motion for judgment as of nonsuit, all of the evidence must be taken in the light most favorable to the plaintiff.

**2. Pleadings § 2— statement of cause of action — necessity for pleading statute relied upon**

In order to state a cause of action, it is not necessary to put in the complaint the statute upon which the pleader is relying.

**3. Automobiles §§ 43, 50— parking on highway with bright lights facing oncoming traffic — sufficiency of pleadings**

In this action by plaintiff guest passenger for personal injuries received in a collision between defendant's automobile and a codefendant's truck, allegations in the complaint that defendant "was negligent in that she parked the 1965 Dodge automobile on the wrong side of the road contra to the law of the State of North Carolina with a portion of the said car situated in the lane for southbound traffic," when considered with the allegations and admissions in defendant's answer to the effect that defendant had driven her automobile onto the left-hand shoulder of the road and as far off the main traveled portion as was practical for the purpose of discharging passengers, and that the automobile was temporarily stopped, *is held* sufficient to support the evidence that defendant violated G.S. 20-161.1 by parking her automobile at night on a highway with its bright lights facing oncoming traffic, and the trial court erred in failing to submit to the jury an issue as to the negligence of defendant in violating the statute.

**4. Automobiles § 94— contributory negligence of guest passenger — remaining in illegally parked automobile**

In this action for personal injuries received when the automobile in

which plaintiff was a guest passenger was struck by a truck, the trial court erred in submitting to the jury the issue of plaintiff's contributory negligence in remaining in the automobile which was allegedly parked on the highway at nighttime with its lights on bright facing oncoming traffic in violation of G.S. 20-161.1, where all the evidence tends to show that plaintiff was a passenger in the rear seat of a two-door automobile and that the automobile had been parked for only 30 seconds prior to the time the truck was seen approaching from the opposite direction.

**5. Automobiles § 72;    Negligence § 4—    sudden emergency**

In the face of a sudden emergency, a person is not held to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence would have made in similar circumstances.

**6. Automobiles §§ 72, 90—    instructions — sudden emergency**

In this action for personal injuries received when the automobile in which plaintiff was a guest passenger was struck by defendant's truck, the trial court erred in failing to instruct the jury with regard to the doctrine of sudden emergency, where defendant's evidence tends to show that he went over the crest of a hill and saw the headlights of the automobile in which plaintiff was a passenger, that the lights blinded him and when he realized that the automobile was in his lane of traffic, he turned his truck to the left and applied his brakes in an attempt to avoid the collision which followed.

APPEAL from *McConnell, J.,* September 1969 Session of WILKES County Superior Court.

Margaret Louise Tharpe, the plaintiff, instituted this action to recover damages for personal injuries allegedly sustained in an automobile accident as the result of the joint and concurrent negligence of the defendants, Joy Dowell Swaim, operator of the automobile in which the plaintiff was a guest passenger, and Stacy Brewer, driver of the truck which struck the Swaim automobile.

The defendant Brewer, answering the complaint, denied that the plaintiff was injured by any negligence on his part, and alleged that any injuries which may have been sustained by the plaintiff were proximately caused by the plaintiff's own negligence or in the event he was held to be negligent, by the plaintiff's contributory negligence.

The defendant Swaim denies any negligence on her part and alleges that if the plaintiff was injured, her injuries were caused solely and proximately by the negligence of the defendant Brewer.

At the close of the plaintiff's evidence, the court denied the motion of the defendant Brewer and granted the motion of the defendant Swaim for judgment as of nonsuit. The defendant Brewer offered his defense and following his evidence renewed his motion for judgment as of nonsuit which was denied. The court submitted the case

to the jury on the issues of the negligence of the defendant Brewer, the contributory negligence of the plaintiff, and damages. From a verdict and judgment in favor of the plaintiff, the defendant Brewer appealed to this Court. From the judgment of nonsuit entered as to the defendant Swaim, the plaintiff appealed.

*Franklin Smith for plaintiff appellant-appellee.*

*Moore and Rousseau, by Julius A. Rousseau, Jr., for defendant, Swaim, appellee.*

*McElwee, Hall and Herring, by John E. Hall, for defendant, Brewer, appellant.*

HEDRICK, J.

### Appeal as to Plaintiff Tharpe

The plaintiff's main exception and assignment of error, upon which her appeal turns, is to the judgment of nonsuit entered at the close of the plaintiff's evidence upon the motion of the defendant Swaim.

[1] In considering a motion for judgment as of nonsuit, all of the evidence must be taken in the light most favorable to the plaintiff. *Lienthall v. Glass,* 2 N.C. App. 65, 162 S.E. 2d 596 (1968); *Champion v. Waller,* 268 N.C. 426, 150 S.E. 2d 783 (1966).

The plaintiff, in her complaint, alleged that her injuries were proximately caused by the negligence of the defendant, Joy Dowell Swaim, in the following respects:

"III. That on the 8th day of November, 1967, at approximately 6:30 p.m., the plaintiff was riding as a guest passenger, sitting in the right-hand side of the rear seat of the 1956 Dodge automobile owned by James Calvin Swaim. That the said automobile was sitting still on the left-hand side and shoulder of Rural Paved Road 2002 with the front of the said automobile directed in a northern direction of Rural Paved Road 2002. That on this occasion, the 1956 Dodge automobile was sitting pointed in a northern direction with the wheels on the left side of the automobile approximately four feet off the edge of the pavement and that the right wheels of the automobile were sitting approximately two feet upon the paved edge of the road. That on this same date and time the defendant, Stacy Brewer, was operating a 1965 green Chevrolet pickup in a southern direction on Rural Paved Road 2002. That when the Chevrolet pickup approached the Dodge automobile, which was parked on the

edge of the road, a portion of the said Dodge was in the lane of traffic in the direction in which the pickup was traveling. The defendant, Stacy Brewer, applied his brakes and when he applied his brakes the pickup skidded out of control and a violent collision occurred between the right rear of the Chevrolet pickup and the front and right side of the 1956 Dodge automobile.

\*     \*     \*

"VI. That the defendant, Joy Dowell Swaim, was more specifically negligent in the following respects:

\*     \*     \*

"D. That the defendant, Joy Dowell Swaim, was negligent in that she parked the 1956 Dodge automobile on the wrong side of the road contra to the law of the State of North Carolina with a portion of the said car situated in the lane for the southbound traffic."

In *Lienthall v. Glass, supra,* the Court quoted the following language from *Champion v. Waller, supra:*

" 'Facts alleged in the complaint and admitted in the answer are conclusively established by the admission, it not being necessary to introduce such allegations in evidence. *Wells v. Clayton,* 236 N.C. 102, 72 S.E. 2d 16; Stansbury, North Carolina Evidence, § 177. The same is true of allegations of new matter in a further answer, which new matter is favorable to the plaintiff. In passing upon a motion for judgment of nonsuit, all such allegations in the answer are taken to be true and are to be considered along with the evidence.' "

The defendant Swaim answered the complaint as follows:

"III. That the allegations contained in paragraph III of the complaint are untrue and denied, except as herein admitted. . . . That the operator of said 1956 automobile had driven said automobile onto the left-hand shoulder of said road and as far off the main traveled portion as was practical, for the purpose of discharging passengers. That said automobile was momentarily stopped, with its headlights on low beam."

The pleadings and evidence in this case would permit, but not compel, the jury to find the facts to be as follows: On 8 November 1967, at about 6:30 p.m., the plaintiff, Margaret Louise Tharpe, was riding as a guest passenger in a 1956 Dodge automobile being operated by Joy Dowell Swaim, the defendant. The defendant Swaim drove the automobile from the right-hand lane of the highway and parked it on the left-hand side of the highway with approximately

two feet of the automobile remaining on the pavement. After she parked the automobile, the defendant Swaim left the headlights burning while she opened the door in order to discharge passengers. Within thirty seconds after the automobile was parked on the wrong side of the highway, the defendant Brewer approached from the opposite direction on the same road. Seeing the headlights of the Swaim automobile shining down the road, he applied his brakes forcefully causing his pickup truck to skid and collide with the Swaim vehicle. As a result of the collision, the plaintiff, who was in the rear seat of the two-door automobile, was thrown from the automobile onto the ground.

The main thrust of the defendant Swaim's contention is that the allegations in the complaint are not sufficient to bring into play G.S. 20-161.1 which is as follows:

> "*Regulation of night parking on highways* — No person parking or leaving standing a vehicle at night on a highway or on a side road entering into a highway shall permit the bright lights of said vehicle to continue burning when such lights face oncoming traffic."

[2] It is not necessary for the plaintiff to include the statute upon which she relies in her complaint in order to state a cause of action against the defendant. In *Richardson v. Richardson*, 4 N.C. App. 99, 165 S.E. 2d 678 (1969), this Court stated:

> "In order to state a cause of action, it is not necessary to put in the complaint the statute upon which the pleader is relying. 'The function of a complaint is to state in a plain and concise manner the material, essential or ultimate facts which constitute the cause of action, but not the evidence to prove them. . . . It is not necessary to plead the law. The law arises upon the facts alleged, and the court is presumed to know the law.' *Moore v. W O O W, Inc.*, 253 N.C. 1, 116 S.E. 2d 186. A complaint is to be judged by the facts alleged therein, and if the allegations are sufficient, reference to a particular statute is unnecessary. Therefore, such a reference may be regarded as surplusage."

[3] We hold that the allegation in the complaint "[t]hat the defendant, Joy Dowell Swaim, was negligent in that she parked the 1956 Dodge automobile on the wrong side of the road contra to the law of the State of North Carolina with a portion of the said car situated in the lane for the southbound traffic", when considered with the allegations and admissions in the answer of the defendant Swaim,

is sufficient to support the evidence that the defendant Swaim violated G.S. 20-161.1. The evidence, when considered in its light most favorable to the plaintiff, is sufficient to warrant the court's submitting an issue to the jury as to the negligence of the defendant Swaim. The judgment of nonsuit as to the defendant Swaim is reversed.

[4]    The appellant Tharpe contends that the trial judge committed error in submitting the issue of the appellant's contributory negligence to the jury.

The defendant Brewer, in his second further answer and defense, pleaded that the plaintiff was contributorily negligent in that she remained in the automobile of the defendant Swaim when she, the plaintiff, knew, or by the exercise of ordinary care ought to have known, that she was in a place of danger in that the Swaim automobile was parked and left unattended in the nighttime with its lights burning bright, on the left side of the public highway facing traffic, with a portion of the automobile on the pavement, in violation of G.S. 20-161.1.

> "Contributory negligence must be pleaded and proved by the defendant. G.S. 1-139. *Moore v. Iron Works*, 183 N.C. 438, 111 S.E. 776; *Ramsey v. Furniture Co.*, 209 N.C. 165, 183 S.E. 536. To be sufficient, a plea of contributory negligence must aver a state of facts to which the law attaches negligence as a conclusion. *Watson v. Farmer*, 141 N.C. 452, 54 S.E. 419; *Cogdell v. Railroad Co.*, 132 N.C. 852, p. 855, 44 S.E. 618. One relying on contributory negligence must prove facts from which the inference of contributory negligence may be drawn by men of ordinary reason. *Boney v. R. R.*, 155 N.C. 95, 71 S.E. 87; *Farris v. R. R.*, 151 N.C. 483, bot. p. 489, 66 S.E. 457. Evidence which raises a mere conjecture is insufficient for the jury. *White v. R. R.*, 121 N.C. 484, 27 S.E. 1002." *Bruce v. Flying Service*, 234 N.C. 79, 66 S.E. 2d 312 (1951).

All of the evidence tends to show that the plaintiff was riding as a passenger in the rear seat of a two-door automobile, and that said automobile had been parked for only thirty seconds prior to the time the defendant Brewer's automobile was seen approaching from the opposite direction.

Considering all of the evidence, we hold that it was error for the court to submit an issue of contributory negligence to the jury.

### Appeal as to Defendant Brewer

[6]    The defendant assigns as error the failure of the trial judge to instruct the jury with regard to the doctrine of sudden emergency.

In North Carolina negligence is defined as "the failure to exercise that degree of care that an ordinarily prudent person would exercise under the same or similar circumstances and when charged with like duty." *Williamson v. Clay*, 243 N.C. 337, 90 S.E. 2d 727 (1956). The defendant Brewer's evidence regarding the events which occurred on the night of 8 November 1967 was as follows: Sometime after dark on the night of the collision, Brewer was driving his Chevrolet pickup truck south on Rural Paved Road 2002 and as he neared the crest of the hill about 200 feet from the scene of the accident someone backed out onto the highway in front of him. He reduced his speed and the person pulled back into the driveway and let him go by on the highway. Immediately after this he went over the crest of the hill and saw the lights which were shining from the Swaim vehicle. The lights blinded him and when he realized that the other vehicle was in his lane of traffic, Brewer turned his truck to the left and applied his brakes in an attempt to avoid the collision which followed.

**[5, 6]**    The evidence shows that the defendant Brewer was faced with a sudden emergency. In the face of an emergency, a person is not held to the wisest choice of conduct, but only to such choice as a person of ordinary care and prudence would have made in similar circumstances. *Williams v. Boulerice*, 268 N.C. 62, 149 S.E. 2d 590 (1966).

The North Carolina Supreme Court, in *Williamson v. Clay*, *supra*, spoke to the identical question involved in the present case. There, in discussing the duty of the trial judge to charge the jury with regard to the doctrine of sudden emergency, the Court stated:

> "Even in the absence of request for special instructions, a failure to charge the law on the substantive features of the case arising on the evidence is prejudicial error. G.S. 1-180; *Barnes v. Caulbourne*, 240 N.C. 721, 83 S.E. 2d 898, and cases cited. In this case, since defendant relied in large measure upon what he contended were circumstances of acute emergency, the failure to comply with G.S. 1-180 by applying the applicable legal principles to defendant's evidence in regard thereto must be regarded as prejudicial. Hence, defendant's assignment of error relating to this feature of the charge is sustained and a new trial awarded."

The appellant Brewer's additional assignments of error have been duly considered in the appellant Tharpe's appeal. For errors committed, we hold there must be a new trial.

New trial.

CAMPBELL and PARKER, JJ., concur.