GAIL ADAM SPEARS v. SERVICE DISTRIBUTING COMPANY

No. 7429SC651

(Filed 6 November 1974)

1. Negligence § 57— injury in car wash — absence of instructions

　　　In an action to recover for personal injuries received when the nozzle on the hose in a self-service car wash jumped out of the holder and struck plaintiff in the eye, the evidence was sufficient to be submitted to the jury on the question of defendant owner's negligence in failing to have instructions on the proper use of the car wash which defendant was furnishing for hire.

2. Negligence § 58— injury in car wash — contributory negligence

　　　Evidence that plaintiff did not check other car wash stalls for instructions when she was unable to find instructions in the stall she was using, that she did not request assistance in operating the spray nozzle, and that she previously observed the nozzle fly out of its holder when she first started the car wash did not disclose that plaintiff was contributorily negligent when she placed the nozzle back in its holder while it was under pressure and the nozzle jumped from the holder and struck her in the eye.

APPEAL by plaintiff from *Martin (Harry C.), Judge,* 29 April 1974 Session of RUTHERFORD County Superior Court. Heard in the Court of Appeals 16 October 1974.

This is a civil action to recover damages for personal injuries. At the close of the plaintiff's evidence the defendant made a motion for a directed verdict pursuant to the provisions of Rule 50. This motion was allowed by the trial court and

plaintiff's action was dismissed. The pertinent facts are set out in the opinion.

*Hamrick and Hamrick by J. Nat Hamrick for plaintiff appellant.*

*Morris, Golding, Blue & Phillips by James F. Blue III for defendant appellee.*

CAMPBELL, Judge.

A motion for a directed verdict for the defendant should be allowed only if the evidence taken as true and considered in the light most favorable to the plaintiff is insufficient to justify a verdict for the plaintiff. *Adler v. Insurance Co.*, 280 N.C. 146, 185 S.E. 2d 144 (1971).

The evidence, when considered in the light most favorable to the plaintiff, establishes the following:

1. The defendant maintained an automobile gas service station, and in connection therewith, and at a distance of some 30 or 40 feet therefrom, the defendant had a series of six stalls where automobiles could be washed. These were self-service washing stalls. Each stall was about 10 feet in width. An arm-like mechanism extended from the wall about 6½ or 7 feet in length and on the end of the arm there was a hose about 8 feet long with a steel nozzle on the end of the hose about 2 feet long. It was designed to accommodate considerable pressure so as to knock dirt and debris off an automobile. The pressure was so great that the nozzle would vibrate in your hand.

2. No instructions on how to operate the equipment were in stall No. 1, but such instructions were in the other five stalls. The instructions had not been in stall No. 1 for some three to five months prior to the incident in question and the manager knew this. The arm with the hose and nozzle was a swinging arm and was located above the height of an automobile. Some 30 inches up the wall from the base of the stall there was located a holder in which the hose nozzle was placed when not in use.

3. The instructions which were placed in the other stalls and which were missing in stall No. 1 read as follows:

"Use At Own Risk

Hold Gun

Spears v. Distributing Co.

Push Off Switch

Insert 25¢ In Meter

Push On Switch

Push Wash Or Rinse Switch

Push Off Switch

Replace Gun"

4. If the off switch was not cut off, the guns would jump out of the holster and flop around and kick under pressure. When the switch was cut off, the power was off, and there would be no pressure on the hose and nozzle. The station manager testified, "I have seen the hose hop out of the holster when they put their money in and didn't have the nozzle in their hand and the switch would already be on and it would flop around. I have never seen it hop out when there was no water or soap coming out of it when it was not under pressure."

5. There was a metal box on the wall with a sign painted on it saying 25 cents. The metal box had a slot in it to accommodate the 25 cents.

6. On 23 September 1972, the plaintiff took her automobile into stall No. 1. She had never been in one of the stalls of the defendant prior to this time. She had washed her automobile at similar car washes on a few occasions prior to this time. The pressure was stronger at this car wash than at any car wash plaintiff had previously used. On entering the stall, plaintiff observed a little box that said 25 cents, and she accordingly put 25 cents therein. Before doing this, she looked for some instructions but saw none as there were none there. She also looked for controls and switches but saw none. When she put the quarter in the box, she did not have the hose handle in her hand, and it flew out of the holster and lodged under the wheel of her automobile. Plaintiff reached down and picked it up and began to wash her car. At this time the plaintiff realized that this hose had tremendous pressure on it and so much pressure that she could hardly hold the nozzle in her hand. She used two hands to hold it while she rinsed her automobile off. After completing the wetting down of her automobile, she replaced the nozzle in the holder in order that she could proceed with putting soap on her automobile before completing the washing thereof. While she knew that it had jumped out of the holder once be-

fore, she did not know for sure that it would do it again because, for all she knew, whoever had put the nozzle in before she arrived had not done so properly. At any rate, on this occasion, it stayed in the holder for a minute or so; and while she turned to get her soap and rag, the nozzle "flew out and started beating her over the head." It struck her in the right eye breaking her glasses and cutting her eye.

7. Plaintiff's injury consisted of a cut right eye requiring several stitches and she incurred doctor and hospital expenses and missed three days from work.

[1] The plaintiff's evidence established that the car wash was under the management and control of the defendant; that with the defendant's knowledge, no instructions were present as to the use of the spray nozzle; that in the absence of any instructions as to the proper use of the spray nozzle, plaintiff was using it in a manner that the defendant should have expected the public would use. We are of the opinion that the evidence on behalf of the plaintiff was sufficient to take the case to the jury on the question of negligence on the part of the defendant in failing to have proper instructions in the use of the facilities which the defendant was furnishing for hire.

We next consider whether or not the plaintiff was contributorily negligent as a matter of law. Dismissal on that ground is proper only if plaintiff's evidence, considered in the light most favorable to her, so clearly establishes her own negligence as one of the proximate causes of her injuries that no other reasonable inference may be drawn therefrom. *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47 (1969).

[2] The defendant contends that the plaintiff had sufficient knowledge to apprise her of the fact that if she replaced the nozzle in its receptacle while it was still under pressure, it would fly back out. The basis for this is the plaintiff's testimony that she did not check the other stalls for instructions; did not request any assistance in operating the sprayer; and that she previously observed the nozzle fly out of its holder when she first started the car wash. The defendant contends that the plaintiff was therefore contributorily negligent as a matter of law. We do not agree with this contention. We think the plaintiff was entitled to assume that the car wash was safe to be operated by her as it was provided for the public generally upon payment of a fee of 25 cents. It was not incumbent upon her to

go to the other stalls and inspect them before using the stall which was available and provided by the defendant. Neither was it incumbent upon the plaintiff to seek other assistance in operating the car wash when the sign clearly indicated that all she had to do was insert 25 cents. The plaintiff likewise could assume that the fact that the nozzle flew out the first time when she first inserted her 25 cents was because the previous user had not put the nozzle in the holster correctly. She could assume that if she put it in correctly, it would not fly out and thrash around in such manner as to injure an operator. "The question of contributory negligence in not appreciating or in failing to observe dangers incident to one's situation is generally one for the jury and is rarely a question of law for the court." 57 Am. Jur. 2d, Negligence, § 333, p. 735 (1971). If, from the circumstances surrounding the plaintiff's injury and conduct, reasonable men could indulge different inferences as to the plaintiff's negligence, the question of such negligence should be submitted to the jury and is not a proper subject for dismissal.

Reversed and remanded.

Judges BRITT and VAUGHN concur.