ROBERT EARL RADFORD v. JAMES LLOYD NORRIS AND BECKY ANN NORRIS

No. 8210SC880

(Filed 2 August 1983)

Damages § 9— failure to instruct on doctrine of avoidable consequences error

The trial court erred in failing to give a requested instruction on the doctrine of avoidable consequences where the evidence tended to show that plaintiff had sought medical treatment from an orthopedic surgeon who prescribed a program of back exercises as part of the treatment for his back injury and that plaintiff stopped doing the exercises even though he was repeatedly advised by the orthopedic surgeon to continue to do the exercises.

APPEAL by defendants from *Farmer, Judge.* Judgment entered 31 March 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 7 June 1983.

This is an action for personal injuries in which the evidence showed the plaintiff was injured while riding a motorcycle which was involved in a collision with an automobile driven by the defendant Becky Ann Norris. The jury answered the issues favorably to the plaintiff. The defendants appealed from a judgment against them.

*Van Camp, Gill and Crumpler, by William B. Crumpler, for plaintiff appellee.*

*Moore, Ragsdale, Liggett, Ray and Foley, by William Woodward Webb and John N. Hutson, Jr., for defendant appellants.*

WEBB, Judge.

At the conclusion of all the evidence, the court held a charge conference pursuant to Rule 21 of the North Carolina General Rules of Practice, at which time the defendants submitted several written requests for specific instructions. The court refused to give these requested instructions. At the conclusion of the charge, defendants duly excepted to the court's failure to give the requested instructions. Among the requested instructions was a request for an instruction on the doctrine of avoidable consequences. For the reasons that follow, we conclude that such an instruction should have been given and order a new trial.

> The rule in North Carolina is that an injured plaintiff, whether his case be tort or contract, must exercise reasonable care and diligence to avoid or lessen the consequences of the defendant's wrong. If he fails to do so, for any part of the loss incident to such failure, no recovery can be had. *Johnson v. R.R.*, 184 N.C. 101, 113 S.E. 606. This rule is known as the doctrine of avoidable consequences or the duty to minimize damages. Failure to minimize damages does not bar the remedy; it goes only to the amount of damages recoverable. 22 Am. Jur. 2d *Damages* §§ 30-32 (1965).

*Miller v. Miller*, 273 N.C. 228, 239, 160 S.E. 2d 65, 73-4 (1968).

This doctrine has generally been held to preclude recovery for those consequences of the tort-feasor's act which could have been avoided by acting as a reasonable prudent man in following medical advice. 22 Am. Jur. 2d *Damages* § 40 (1965). "Damages will not be reduced merely because the injured party fails to

follow the medical advice given. All he must do is to act reasonably concerning the advice which he receives." *Id.* at 65. Since the test is one of reasonableness, and depends upon the circumstances of the particular case, it is a jury question except in the clearest of cases. Annot., 62 A.L.R. 3d 70 (1975). Factors which are to be considered in determining whether a plaintiff reasonably refused medical attention include "[t]he degree of risk in, as well as the amount of pain of, the degree of relief hoped for from, and the chance of success of the treatment." D. Dobbs, *Remedies*, § 8.9 at 580-81 (1973).

Plaintiff testified that he sought medical treatment from Dr. O. P. Miller, an orthopedic surgeon, who prescribed a program of back exercises as part of the treatment for his back injury. He tried doing these exercises in the beginning, but stopped doing them because they were too painful. He was not doing the exercises at the time of the trial and did not plan to do them despite Dr. Miller's suggestions.

Dr. Miller testified that the back exercises he recommended were considered routine treatment for plaintiff's kind of injury. The exercises were "designed to work out stiffness because the stiff back has a propensity to remain painful" and to strengthen the muscles which support the back. Plaintiff could best control his back pain by doing his exercises regularly, and he had told plaintiff so. On 25 January 1978 plaintiff advised him that he was slowly improving and that the exercises for his back had caused him some soreness but less than that he had experienced previously. On 1 March 1978, however, plaintiff advised him that he had stopped doing the exercises. From that visit forward, he repeatedly advised plaintiff to resume the exercises. He could not say with a reasonable medical certainty that the exercises, if done regularly, would cure the back pain, but he declared, "I know they make it better." There is no absolute remedy.

There was thus evidence that plaintiff's regular and continued performance of the prescribed exercises would have alleviated the pain, and thus that pain was a consequence that could have been avoided. "[W]hen a request is made for a specific instruction, correct in itself and supported by evidence, the trial court, while not obliged to adopt the precise language of the prayer, is nevertheless required to give the instruction, in sub-

stance at least, and unless this is done, either in direct response to the prayer or otherwise in some portion of the charge, the failure will constitute reversible error." *Bass v. Hocutt,* 221 N.C. 218, 220, 19 S.E. 2d 871, 872 (1942). Whether the plaintiff reasonably discontinued the exercises is a question for the jury to decide, as well as the effect, if any, plaintiff's failure to continue the exercises had upon the amount of damages. The trial court should have thus submitted an instruction on the doctrine of avoidable consequences.

We do not consider defendants' remaining assignments of error as the questions they raise may not recur at a new trial.

New trial.

Judges ARNOLD and BRASWELL concur.