JAMES OTIS SNEAD, PLAINTIFF v. JIMMY JUNIOR HOLLOMAN AND FLOWERS BAKING COMPANY OF HIGH POINT, INC., DEFENDANTS

No. 9011SC366

(Filed 5 February 1991)

1. **Automobiles and Other Vehicles § 638 (NCI4th)— automobile accident—defendant turning in front of plaintiff—contributory negligence—directed verdict for plaintiff**

   The trial court correctly granted a directed verdict for plaintiff on defendants' contention of contributory negligence in an action arising from an automobile accident in which defendant turned in front of plaintiff where defendants produced no evidence that plaintiff failed to keep a proper lookout or that he could have avoided the accident but relied on plaintiff's testimony that the accident occurred so quickly that he was unable to apply his brakes. The evidence of plaintiff's failure to apply his brakes immediately prior to the accident, standing alone, did not create an issue of fact regarding contributory negligence which was sufficient to go to the jury.

   **Am Jur 2d, Automobiles and Highway Traffic §§ 1100, 1101.**

2. **Damages § 9 (NCI3d)— automobile accident—failure to perform orthopedic exercises—instruction on duty to mitigate**

   The trial court erred in an action arising from an automobile accident by failing to instruct the jury on plaintiff's duty to mitigate personal injury damages where plaintiff's orthopedic surgeon prescribed a certain exercise regimen which the plaintiff discontinued after one month and which the doctor continued to prescribe. Since the defendants properly requested that the jury be instructed on plaintiff's duty to minimize damages, the trial court's failure to so instruct the jury was reversible error.

   **Am Jur 2d, Damages §§ 533, 996.**

   Chief Judge HEDRICK concurs in the result.

APPEAL by defendants from judgment entered 11 December 1989 in JOHNSTON County Superior Court by *Judge Wiley F. Bowen.* Heard in the Court of Appeals 3 December 1990.

## SNEAD v. HOLLOMAN

[101 N.C. App. 462 (1991)]

On 19 February 1988, plaintiff was injured when the car he was driving collided with a 26-foot delivery van being driven by defendant, Jimmy Junior Holloman. At the time of the accident, Mr. Holloman was within the course and scope of his employment with defendant, Flowers Baking Company of High Point. Plaintiff later filed an action against defendants, alleging that Mr. Holloman negligently operated the van causing injury to the plaintiff's person and property, and that such negligence was attributable to Flowers Baking Company. Defendants answered denying negligence and pleaded, in the alternative and in bar of plaintiff's claim, contributory negligence.

Plaintiff's evidence at trial tended to show that on the morning of 19 February 1988, plaintiff was travelling in a northerly direction on Highway 50 in Garner, North Carolina, when he noticed a bread delivery van which was facing south in the center turn-lane of Highway 50. Plaintiff testified that he was alert, that he was aware of the other traffic in the area, and that he knew the van intended to turn because its left-turn indicator was flashing. He further testified that because two or three cars were ahead of him, and because he was so close to the van, he did not expect the van to turn until he had passed. Nonetheless, according to plaintiff's testimony, the van suddenly turned in front of his vehicle. The plaintiff testified that he attempted to swerve and to apply the brakes of his car to avoid hitting the van but before he could do so, the two vehicles collided.

Finally, plaintiff testified that the speed limit in the area was 35 miles per hour, and that he was not travelling in excess of the speed limit at the time of the collision.

Following plaintiff's presentation of evidence, the defendants declined to present any evidence. Plaintiff then moved for a directed verdict on the issue of contributory negligence. The trial court granted the plaintiff's motion and, thereafter, submitted issues on defendants' negligence and damages to the jury. The jury returned a verdict in favor of plaintiff and defendants now appeal.

*Lucas, Bryant & Denning, P.A., by Robert W. Bryant, for plaintiff-appellee.*

*Burns, Day & Presnell, P.A., by Daniel C. Higgins, for defendants-appellants.*

WYNN, Judge.

I

[1]   Defendants first assign as error the trial judge's granting of the plaintiff's motion for a directed verdict on the issue of contributory negligence. The defendants assert that the evidence at trial was sufficient to show that the plaintiff was negligent in the operation of his vehicle and that, therefore, the issue of contributory negligence should have been submitted to the jury. We disagree.

The purpose of a motion for directed verdict is to test the legal sufficiency of the evidence to take the case to the jury and to support a verdict for the nonmoving party. *Wallace v. Evans*, 60 N.C. App. 145, 146, 298 S.E.2d 193, 194 (1982). In passing upon a motion for a directed verdict, the evidence should be considered in the light most favorable to the nonmoving party, and such party should be given the benefit of all reasonable inferences. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 670, 231 S.E.2d 678, 680 (1977). If there is more than a scintilla of evidence supporting each element of the nonmovant's case, the motion for directed verdict should be denied. *Broyhill v. Coppage*, 79 N.C. App. 221, 226, 339 S.E.2d 32, 36 (1986). In the case of an affirmative defense, such as contributory negligence, a motion for directed verdict is properly granted against the defendant where the defendant fails to present more than a scintilla of evidence in support of each element of his defense. *See Booker v. Everhart*, 33 N.C. App. 1, 15, 234 S.E.2d 46, 56 (1977), *rev'd on other grounds*, 294 N.C. 146, 240 S.E.2d 360 (1978); *Price v. Conley*, 21 N.C. App. 326, 204 S.E.2d 178 (1974) (On an affirmative defense, the burden of proof lies with the defendant); *Clary v. Alexander County Bd. of Educ.*, 286 N.C. 525, 212 S.E.2d 160 (1975) (Contributory negligence is an affirmative defense, and the burden of proof on the issue rests on defendant).

This court has previously addressed the propriety of granting a motion for directed verdict against defendants who raise an affirmative defense. In *Booker v. Everhart, supra*, plaintiffs, by way of assignment, were the holders of a promissory note executed by one defendant and guaranteed by two others. When the defendants failed to make payment on the note, the plaintiffs instituted an action to enforce the defendants' respective obligations. In answer to the complaint, the defendants raised several affirmative defenses, including duress, failure of consideration, and illegality. At trial,

the court entered a directed verdict in favor of the plaintiffs at the close of all the evidence.

In *Booker*, the defendants asserted on appeal that since they had raised affirmative defenses, it was improper for the trial judge to direct a verdict in the plaintiffs' favor. It was the defendants' contention that by denying material allegations of the plaintiffs' complaint, they had raised issues of fact which the plaintiffs had the burden of proving. According to the defendants, the entry of the directed verdict in favor of the party with the burden of proof was improper under the holding in *Cutts v. Casey*, 278 N.C. 390, 180 S.E.2d 297 (1971).

While adhering to the ruling in *Cutts*, the *Booker* court disagreed with the defendants' interpretation of its meaning. The court stated that once the plaintiffs had established their right to recover on the note, the burden of proof of the affirmative defenses shifted to the defendants. *Booker* at 14-15, 234 S.E.2d at 56. The court went on to hold that the defendants' evidence was insufficient to create an issue of fact and, therefore, the entry of the directed verdict in favor of the plaintiffs was proper.

The above-discussed proposition in *Booker* is simply another way of stating that in order to justify submitting an affirmative defense issue to the jury, defendants who allege those affirmative defenses and who have the burden of proving them, must present more than a scintilla of evidence in support of each element of their defense. In the instant case, in order for the defendants to have survived plaintiff's motion for directed verdict, it was incumbent upon them to present more than a scintilla of evidence that the plaintiff was contributorily negligent. That they failed to do. The defendants produced no evidence that the plaintiff failed to keep a proper lookout or that he could have avoided the accident. Nor ·did the defendants produce any evidence tending to show that the accident did not occur exactly as the plaintiff alleged. Instead, defendants rely solely on evidence presented during the plaintiff's case-in-chief which they contend establishes contributory negligence on the part of the plaintiff.

The plaintiff's evidence tended to show that the plaintiff was approximately two or three car lengths away from defendant's van and was travelling at the 35 mile-per-hour speed limit when the van abruptly attempted to turn in front of him. The plaintiff testified that the accident occurred so quickly that he attempted

to apply his brakes but was unable to do so in order to avoid the accident. The defendants contend that the evidence of the plaintiff's failure to apply his brakes immediately prior to the accident was sufficient to raise an issue of fact regarding contributory negligence on the part of the plaintiff. We disagree.

Evidence which merely raises conjecture on the issue of contributory negligence is insufficient to go to the jury. *Tharpe v. Brewer*, 7 N.C. App. 432, 172 S.E.2d 919 (1970). In our opinion, the evidence of the plaintiff's failure to apply his brakes immediately prior to the accident, standing alone, did not create an issue of fact regarding contributory negligence which was sufficient to go to the jury.

Based upon plaintiff's evidence, which went uncontradicted by the defendants, we hold that reasonable minds could not have differed on the issue of plaintiff's contributory negligence. *See Spears v. Service Distributing Co.*, 23 N.C. App. 445, 209 S.E.2d 382, *cert. denied*, 286 N.C. 337, 211 S.E.2d 214 (1974). We conclude, therefore, that the trial judge properly granted the plaintiff's motion for a directed verdict.

II

[2] The defendants next assign as error the trial judge's failure to instruct the jury on the plaintiff's duty to mitigate personal injury damages. The defendants contend that the plaintiff failed to keep up the exercise regimen prescribed by his orthopedic surgeon, and that such failure justified a jury instruction on the duty to mitigate personal injury damages.

To support their contention, the defendants rely upon the doctrine of unavoidable consequences which was defined by the North Carolina Supreme Court as follows:

> The rule in North Carolina is that an injured plaintiff, whether his case be in tort or contract, must exercise reasonable care and diligence to avoid or lessen the consequences of the defendant's wrong. If he fails to do so, for any part of the loss incident to such failure, no recovery can be had. This rule is known as the doctrine of unavoidable consequences or the duty to minimize damages. Failure to minimize damages does not bar the remedy; it goes only to the amount of damages recoverable.

*Miller v. Miller*, 273 N.C. 228, 239, 160 S.E.2d 65, 73-4 (1968) (citations omitted).

This court has also addressed this issue by stating that "[d]amages will not be reduced merely because the injured party fails to follow the medical advice given. All he must do is to act reasonably concerning the advice which he receives. Since the test is one of reasonableness, . . . it is a jury question except in the clearest of cases." *Radford v. Norris*, 63 N.C. App. 501, 502-3, 305 S.E.2d 64, 65 (1983), *disc. review denied*, 314 N.C. 117, 332 S.E.2d 483 (1985) (citations omitted).

In *Radford*, the issue was whether the trial judge erred in failing to instruct the jury on the plaintiff's duty to minimize damages. There, the plaintiff, who was injured in a collision with the defendant, consulted an orthopedic surgeon who prescribed a program of back exercises as part of the treatment for plaintiff's back injury. The plaintiff testified that he attempted to do the exercises in the beginning, but stopped doing them because they were too painful. The orthopedic surgeon testified that the back exercises were routine and were designed to work out stiffness and pain in the plaintiff's back. When the plaintiff advised the doctor that he had discontinued the exercises, the doctor repeatedly advised the plaintiff to resume the exercises. The doctor further testified that although he could not say with a reasonable degree of medical certainty that the exercises would have cured the plaintiff's back pain had they been performed regularly, he knew the exercises would make the pain better. Nonetheless, the plaintiff did not resume the regimen.

The *Radford* court held that the above evidence tended to show that the plaintiff's regular and continued performance of the exercises would have alleviated the pain and, thus, the pain was a consequence that may have been avoided. *Id.* at 503, 305 S.E.2d at 65. Since the defendant in *Radford* properly requested an instruction on avoidable consequences which was improperly denied, the *Radford* court remanded the case for a jury determination of the reasonableness of plaintiff's failure to follow his doctor's advice.

We are unable to make a meaningful distinction between the facts in *Radford* and those present here. In the instant case, the plaintiff's orthopedic surgeon, Dr. Tejpal Singh Dhillon, prescribed a certain exercise regimen which the plaintiff, for some unexplained reason, discontinued performing after one month. In his deposition, which was read into evidence at trial, Dr. Dhillon testified that

the exercises were designed to "relieve the [plaintiff's back] spasm and [to] make some more room for the nerves to get through to ease the irritation of the nerves." He further testified that he continued to prescribe the exercises for the plaintiff on at least two occasions after the plaintiff ceased performing them.

"When a party tenders a written request for a specific instruction which is correct and supported by the evidence, the failure of the court to give the instruction, at least in substance, is reversible error." *Bass v. Hocutt*, 221 N.C. 218, 220, 19 S.E.2d 871, 872 (1942). Since the defendants properly requested that the jury be instructed on the plaintiff's duty to minimize damages, we conclude that the trial judge's failure to so instruct the jury was reversible error under the holding in *Radford*. Accordingly, we remand this case for a new trial on the issue of damages.

### III

Since the defendants' remaining assignments of error also relate to the issue of damages, we do not consider them as they may not recur on retrial.

### IV

For the reasons set forth above, we find no error in the entry of the directed verdict in favor of the plaintiff. However, this case is remanded for a new trial on the issue of damages.

New trial on the issue of damages only.

Judge LEWIS concurs.

Chief Judge HEDRICK concurs in the result.