DORIS PEEL MYRICK v. SELENA ROSE PEEDEN

No. 9218SC966

(Filed 15 February 1994)

**Automobiles and Other Vehicles § 637 (NCI4th)— intersection accident—no evidence of contributory negligence—denial of directed verdict error**

The trial court erred in submitting the issue of plaintiff's contributory negligence to the jury where the evidence tended to show that plaintiff entered an intersection when she had the green light, and she was going between 40 and 45 m.p.h.

in a 45 m.p.h. zone; plaintiff's failure to look left or right as she entered the intersection did not create an issue of contributory negligence because defendant never established that such failure constituted the proximate cause of the accident; and no evidence was presented tending to show that plaintiff could have avoided the accident even had she seen defendant's automobile as it approached.

**Am Jur 2d, Automobiles and Highway Traffic § 422.**

Appeal by plaintiff from judgment entered 10 March 1992 by Judge Judson D. DeRamus, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 14 September 1993.

*Weinstein & Sturges, P.A., by Thomas D. Myrick, for plaintiff appellant.*

*Frazier, Frazier & Mahler, by James D. McKinney, for defendant appellee.*

COZORT, Judge.

Plaintiff appeals a jury verdict finding that she was not entitled to recover for injuries sustained in an automobile accident due to her own contributory negligence. Plaintiff claims the issue of contributory negligence was improperly submitted to the jury; we agree. We reverse and remand for a new trial.

Plaintiff Doris Peel Myrick filed this action against defendant Selena Rose Peeden to recover damages for personal injuries she sustained arising out of an automobile accident which occurred 15 June 1989, in Greensboro, North Carolina. Plaintiff's evidence at trial tended to show that, at approximately 3:30 p.m., plaintiff was traveling on Wendover Avenue in the outermost eastbound lane. Plaintiff, a real estate agent, was in the process of showing property to a customer and the customer's son, both of whom were passengers in plaintiff's vehicle.

Plaintiff testified that as she approached the intersection of Wendover Avenue and Norwalk Street, she was traveling between 40 and 45 miles per hour. Plaintiff stated, "The light was green, and there was no doubt in my mind about that." At the intersection, Wendover Avenue has three eastbound and three westbound lanes, while Norwalk Street has two northbound and two southbound lanes. The speed limit on Wendover Avenue was 45 miles per

hour; the speed limit for Norwalk Street traffic was 35 miles per hour. The day was overcast, but the pavement was dry. Plaintiff testified:

> As I was heading down Wendover, and as I approached Norwalk, I was probably going close to the speed limit, between 40 and 45, and suddenly, just very suddenly, this car came out, and it was so fast, I had no time to react, or to hit my brake or anything. She was just there.

Ms. Patsy Jean Mortimer, one of the passengers riding in plaintiff's vehicle, and Mr. Melvin Gaither, Sr., the driver of the automobile traveling directly behind plaintiff's car, both testified that the stoplight was green for plaintiff as plaintiff approached the intersection. Officer Michael W. Roberts of the Greensboro Police Department testified:

> [Defendant] stated that she just didn't notice that the light had turned red. She said that she thought the light was green, and she . . . just proceeded through the intersection. There were no skid marks or anything . . . on anyone's part where anyone tried to stop, as if they had seen . . . something was about to happen, or there was some danger there.

Defendant presented no evidence. The jury returned a verdict finding that defendant's negligence caused plaintiff's injuries, but that plaintiff was contributorily negligent and not entitled to recover damages. Plaintiff moved for judgment notwithstanding the verdict which the trial court denied. Plaintiff subsequently made a motion for a new trial. The motion was denied on 7 April 1992.

Plaintiff's sole complaint on appeal is that the trial court erred in submitting the issue of contributory negligence to the jury and in denying defendant's post-verdict motions based on such alleged error. The trial court explained to the jury that defendant contended the plaintiff was contributorily negligent in failing to maintain a reasonable lookout and failing to maintain and keep proper control of her vehicle. The trial court's charge to the jury contained, in part, the following instruction regarding contributory negligence:

> Members of the Jury, in this case, the defendant contends and the plaintiff denies that the plaintiff was negligent in one or more of the following ways. Number one, that the defendant contends the plaintiff failed to maintain a reasonable lookout, and number two, the defendant contends the plaintiff failed

to maintain and keep proper control of her vehicle. I have already explained what those contentions of negligence are in more detail in connection with the first issue. Members of the Jury, the same explanation of what constitutes failure to maintain a reasonable lookout and failure to keep a vehicle under proper control would also apply here.

The defendant further contends and the plaintiff denies that any such negligence was a proximate cause of and contributed to the plaintiff's own injury. Members of the Jury, I instruct you that contributory negligence is not to be presumed from the mere fact of injury to the plaintiff.

Finally, Members of the Jury, as to this second issue on which the defendant, Selena Rose Peeden, has the burden of proof, if you find by the greater weight of the evidence that at the time of the collision, the plaintiff, Doris Peel Myrick, was negligent in any one or more of the two ways contended . . . and that such negligence was a proximate cause of and contributed to plaintiff's own injury, then, it would be your duty to answer this second issue "yes" in favor of the defendant[.] On the other hand, if, considering all of the evidence, you fail to find such negligence, or fail to find such proximate cause, then, it would be your duty to answer this second issue "no" in favor of the plaintiff[.]

Under the circumstances, we conclude the trial court erred in failing to grant plaintiff's motion for a directed verdict against the defendant as to contributory negligence and in submitting that issue to the jury.

Where more than a scintilla of evidence for supporting each element of the nonmovant's case is present, a motion for a directed verdict should be denied. *Broyhill v. Coppage*, 79 N.C. App. 221, 226, 339 S.E.2d 32, 36 (1986). "In the case of an affirmative defense, such as contributory negligence, a motion for directed verdict is properly granted against the defendant where the defendant fails to present more than a scintilla of evidence in support of each element of his [or her] defense." *Snead v. Holloman*, 101 N.C. App. 462, 464, 400 S.E.2d 91, 92 (1991). "[I]n order for the defendants to have survived plaintiff's motion for directed verdict, it was incumbent upon them to present more than a scintilla of evidence that the plaintiff was contributorily negligent." *Id.* at 465, 400 S.E.2d at 93.

**MYRICK v. PEEDEN**

[113 N.C. App. 638 (1994)]

Defendant cites *Currin v. Williams*, 248 N.C. 32, 102 S.E.2d 455 (1958), to support her argument that the issue of contributory negligence was an issue for the jury. In *Currin*, the plaintiff and defendant were involved in an automobile accident when defendant disregarded a red traffic signal light and proceeded into the intersection where plaintiff was traveling. The plaintiff testified that he did not see defendant's vehicle until he was hit. He additionally stated that he did not look left nor right, but was looking forward when the collision occurred. The plaintiff stated, "At the speed I was going *I could have stopped my car in ten feet. If I had seen the man coming I could have.* I did not see him coming. I was looking down the road, but my cross-view would have given me some distance." *Id.* at 35, 102 S.E.2d at 457 (emphasis added). The *Currin* Court explained:

> [T]he mere fact that plaintiff failed to look [left or right] is insufficient to establish that plaintiff was contributorily negligent as a matter of law. Whether such failure to look was a proximate cause of the collision depended upon whether, if he had looked, what he would or should have seen was sufficient to put him on notice, at a time when plaintiff could by the exercise of due care have avoided the collision, that defendant would not stop in obedience to the red light. Defendant was chargeable with notice of what he would have seen had he exercised due care to keep a proper lookout.

*Id.* at 36, 102 S.E.2d at 458 (citations omitted). The Court then held:

> Under the evidence here presented, we cannot say that the only reasonable inference or conclusion that may be drawn therefrom is that defendant was operating his car in such manner as to put plaintiff on notice, at a time when plaintiff could by the exercise of due care have avoided the collision, that defendant would not stop in obedience to the red light. We conclude that it was proper to submit the issue of contributory negligence to the jury.

*Id.* at 37, 102 S.E.2d at 459.

We find *Currin* distinguishable from the case at bar. The plaintiff in *Currin* stated he could have stopped had he seen the car coming. In the case below, there was no evidence that plaintiff could have stopped in time to possibly avoid a collision with defend-

ant. In fact, plaintiff's testimony, as well as evidence of the lack of any skid marks at the scene, indicates that plaintiff had no time to react.

This case is more comparable to *Snead v. Holloman,* in which

> defendants produced no evidence that the plaintiff failed to keep a proper lookout or that he could have avoided the accident. Nor did the defendants produce any evidence tending to show that the accident did not occur exactly as the plaintiff alleged. Instead, defendants rely solely on evidence presented during the plaintiff's case-in-chief which they contend establishes contributory negligence on the part of the plaintiff.

*Snead,* 101 N.C. App. at 465, 400 S.E.2d at 93. This Court in *Snead* upheld the trial court's order directing a verdict against the defendant on the issue of contributory negligence. In holding that the trial court was correct in not submitting the issue of contributory negligence to the jury, we stated:

> Evidence which merely raises conjecture on the issue of contributory negligence is insufficient to go to the jury. *Tharpe v. Brewer,* 7 N.C. App. 432, 172 S.E.2d 919 (1970). In our opinion, the evidence of the plaintiff's failure to apply his brakes immediately prior to the accident, standing alone, did not create an issue of fact regarding contributory negligence which was sufficient to go to the jury.

> Based upon plaintiff's evidence, which went uncontradicted by the defendants, we hold that reasonable minds could not have differed on the issue of plaintiff's contributory negligence. *See Spears v. Service Distributing Co.,* 23 N.C. App. 445, 209 S.E.2d 382, *cert. denied,* 286 N.C. 337, 211 S.E.2d 214 (1974). We conclude, therefore, that the trial judge properly granted the plaintiff's motion for a directed verdict.

*Id.* at 466, 400 S.E.2d at 93.

As in *Snead,* plaintiff's evidence here went unchallenged. Plaintiff's failure to look left or right as she entered the intersection did not create an issue of contributory negligence because defendant never established that such failure constituted the proximate cause of the accident. No evidence was presented tending to show that plaintiff could have avoided the accident, even had she seen

the automobile as it approached. We hold that reasonable minds could not have differed on the issue. The trial court therefore erred in denying plaintiff's motion for a directed verdict against defendant as to plaintiff's contributory negligence. Accordingly, we remand the case for a new trial.

New trial.

Judges JOHNSON and McCRODDEN concur.