JAMES C. LLOYD, III, Plaintiff
v.
NORFOLK SOUTHERN RAILWAY COMPANY, ERGON TRUCKING, INC. AND
JEREMY RYAN TUCKER, Defendants

No. COA13-379

Filed 17 December 2013

1. **Negligence—mitigation of damages—no unreasonable failure**

    The trial court did not err in a negligence case involving an accident between a tanker truck and a train by denying defendants' motion for judgment notwithstanding the verdict. Defendants failed to show that plaintiff unreasonably failed to mitigate his damages.

2. **Negligence—motion for new trial—no timely objection— damages awarded not excessive**

    The trial court did not err in a negligence case involving an accident between a tanker truck and a train by denying defendants' motion for a new trial. Defendants failed to make a timely objection to the evidence now complained of, and based upon the evidence presented, the damages awarded by the jury to the plaintiff were not excessive.

3. **Appeal and Error—issue moot—negligence—indemnity**

    The trial court did not err in a negligence case involving an accident between a tanker truck and a train by dismissing defendants' claims for indemnity and contribution against co-defendant and granting co-defendant's claim for indemnity as to defendants. Where the jury found defendants to be negligent, and co-defendant not negligent, defendant's appeal of the trial court's ruling granting directed verdicts for co-defendant was moot.

Appeal by defendants Ergon Trucking, Inc., and Jeremy Ryan Tucker from judgment entered 19 April 2012 and orders entered 11 June 2012 by Judge Jesse B. Caldwell, III in Mecklenburg County Superior Court. Heard in the Court of Appeals on 26 September 2013.

*Twiggs, Strickland & Rabenau, P.A., by Jerome P. Trehy, Jr., for plaintiff-appellee.*

*Millberg Gordon Stewart PLLC, by Frank J. Gordon and B. Tyler Brooks, for defendant-appellee.*

*Parker Poe Adams & Bernstein LLP, by Jason R. Benton, for defendant-appellants.*

STEELMAN, Judge.

Where defendants Ergon and Tucker failed to show that plaintiff unreasonably failed to mitigate his damages, the trial court correctly decided their motion for judgment notwithstanding the verdict. Where Ergon and Tucker failed to make a timely objection to the evidence now complained of, and based upon the evidence presented, the damages awarded by the jury to the plaintiff were not excessive; the trial court correctly denied their motion for a new trial. Finally, where the jury found Ergon and Tucker to be negligent, and that Norfolk Southern was not negligent, Ergon and Tucker's appeal of the trial court's ruling granting directed verdicts for Norfolk Southern is moot.

## I.  Factual and Procedural History

On 11 July 2008, James C. Lloyd (Lloyd) was an engineer on a Norfolk Southern Railroad Company (Norfolk Southern) train traveling from Greenville, South Carolina to the Linwood Yard near Salisbury, North Carolina. Jeremy Ryan Tucker (Tucker) was operating a truck for his employer, Ergon Trucking, Inc. (Ergon). This truck was towing a tanker filled with mineral oil to the Duke Energy substation in Charlotte, North Carolina.

Tucker drove his tractor and tanker onto a private road owned by Duke Energy. This road crossed railroad tracks owned, constructed, and maintained by Norfolk Southern.

While Tucker's vehicle was crossing the railroad tracks, the vehicle ran off of the paved portion of the road and became stuck on the railroad track. After attempting for several minutes to get the vehicle free,

Tucker heard the whistle of an oncoming train. He tried frantically to free his tractor from the tracks, but was unsuccessful. He was still in the tractor when it was struck by the train.

Lloyd attempted to stop the train but was unable to do so because Tucker's vehicle was not visible from a distance that would have allowed him to stop the train. The resulting collision caused an explosion and a large fire. The train eventually came to a stop one mile beyond the crossing. Lloyd suffered serious injuries from the collision.

On 27 June 2011, Lloyd filed a complaint against Norfolk Southern, Tucker, and Ergon seeking damages for personal injuries. He also sued Norfolk Southern, pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51 et seq, for not providing a safe place to work.

Lloyd also alleged that he was injured as a result of the negligence of Tucker, which was imputed to Ergon.

Norfolk Southern filed a crossclaim against Ergon and Tucker seeking monetary compensation for damage to its equipment and tracks, and for indemnity or contribution as to Lloyd's claims. Ergon and Tucker crossclaimed against Norfolk Southern seeking damages for the loss of Ergon's vehicle as well as for indemnity or contribution as to Lloyd's claim.

The case was tried before Judge Caldwell and a jury in the Superior Court of Mecklenburg County from 9 April 2012 through 19 April 2012. The motions of Ergon and Tucker to dismiss at the close of plaintiff's evidence and the close of all of the evidence were denied. The trial court granted Norfolk Southern's motions for a directed verdict as to: (1) crossclaims of Ergon and Tucker for indemnity and contribution against Norfolk Southern, and 2) Norfolk Southern's claim for indemnity against Ergon and Tucker.

On 19 April 2012, the jury returned the following verdict: (1) Lloyd was injured by the negligence of Ergon and Tucker; (2) Lloyd was not injured by the negligence of Norfolk Southern; (3) Lloyd was entitled to recover $865,175 for personal injury; (4) Norfolk Southern was damaged by the negligence of Ergon and Tucker; (5) Norfolk Southern was entitled to recover $177,600 in damages; (6) Ergon was not damaged by the negligence of Norfolk Southern.

On 30 April 2012, Ergon and Tucker filed a Motion for Judgment Notwithstanding the Verdict (JNOV) and a motion for a new trial. On 11 June 2012, the trial court denied both of these motions.

## II. Denial of Motion for Judgment Notwithstanding the Verdict

**[1]** In their first argument, Ergon and Tucker contend that the trial court erred in denying their motion for judgment notwithstanding the verdict. We disagree.

### A. Standard of Review

The standard of review in North Carolina on motions for JNOV is *de novo. See Hodgson Constr., Inc. v. Howard*, 187 N.C. App. 408, 412, 654 S.E.2d 7, 11 (2007). "On appeal the standard of review for a JNOV is the same as that for a directed verdict, that is whether the evidence was sufficient to go to the jury." *Tomika Invs., Inc. v. Macedonia True Vine Pentecostal Holiness Church of God, Inc.*, 136 N.C. App. 493, 498-99, 524 S.E.2d 591, 595 (2000).

### B. Analysis

Ergon and Tucker's main argument is that Lloyd failed to adequately prove his damages and failed to mitigate his damages following the accident. Ergon and Tucker argue that Lloyd, at the time of trial, had not gone back to work since the accident even though he had been given the opportunity. They contend that Norfolk Southern had offered to assist Lloyd with his vocational rehabilitation in order to help find him new employment. Ergon and Tucker assert that because Lloyd had not taken reasonable steps to mitigate his damages, the trial court improperly denied its JNOV motion.

Under the law in North Carolina, an injured plaintiff must exercise reasonable care and diligence to avoid or lessen the consequences of the defendant's wrong. If plaintiff fails to mitigate his damages, "for any part of the loss incident to such failure, no recovery can be had." *Miller v. Miller*, 273 N.C. 228, 239, 160 S.E.2d 65, 73-74 (1968); *see also Snead v. Hollman*, 101 N.C. App. 462, 466, 400 S.E.2d 91, 94 (1991). The burden was on Ergon and Tucker to demonstrate that Lloyd breached his duty to mitigate his damages. *See First Nat'l Pictures Distrib. Corp. v. Sewell*, 205 N.C. 359, 360, 171 S.E. 354, 355 (1933); *Thermal Design, Inc. v. M&M Builders, Inc.*, 207 N.C. App. 79, 89, 698 S.E.2d 516, 523–24 (2010).

Ergon and Tucker were required to demonstrate that Lloyd unreasonably failed to mitigate his damages. Ergon and Tucker have contended that Lloyd refused to consider educational or employment opportunities offered by Norfolk Southern that were not in his current line of work, and that he did not attempt to find any work after the accident.

However, as of the time of trial, Lloyd had not been medically cleared to return to work because he was suffering from posttraumatic stress

disorder (PTSD) caused by the accident. At trial, Lloyd testified that he had not pursued other employment opportunities because he had not been medically cleared to return to work. All of the medical experts, including Ergon and Tucker's expert witness, acknowledged at trial that Lloyd may never be able to return to work because of his injuries. The evidence at trial showed that Lloyd was participating in his prescribed rehabilitation and had followed all of his personal doctors' orders in an effort to expedite his recovery.

The evidence shows that plaintiff acted reasonably concerning the medical advice that he was given. *See Radford v. Norris*, 63 N.C. App. 501, 502–03, 305 S.E.2d 64, 65 (1983), *disc. rev. denied*, 314 N.C. 117, 332 S.E.2d 483 (1985); *see also Snead v. Holloman*, 101 N.C. App. 462, 400 S.E.2d 91 (1991). There was evidence that Lloyd took reasonable steps to return to work presented at trial. Ergon and Tucker's expert witness acknowledged that Lloyd had done everything that he was asked to do by his doctors. Therefore, Ergon and Tucker have not met their burden demonstrating that Lloyd acted unreasonably in mitigating his damages. The evidence presented at trial shows that the issue of mitigation was properly left for the jury.

This argument is without merit.

### III.  Denial of Motion for a New Trial

**[2]**  On their second argument, Ergon and Tucker contend that the trial court erred in denying their motion for a new trial. We disagree.

### A.  Standard of Review

"[A]n appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982). "[A]n appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." *Worthington*, 305 N.C. at 487, 290 S.E.2d at 605. We review this issue for abuse of discretion.

### B.  Analysis

Ergon and Tucker moved for a new trial on the ground that the damages awarded were excessive pursuant to N.C. R. Civ. P. 59(a)(6), and on the ground that they were prejudiced by the improper admission of evidence pursuant to N.C. R. Civ. P. 59(a)(8).

Ergon and Tucker contend that the trial court improperly admitted into evidence an investigative report concerning the accident that was prepared by Crawford and Company for either Ergon or Ergon's liability insurance carrier. Ergon called Michael Andrew Sutton as an expert witness in accident reconstruction. On cross-examination, counsel for Norfolk Southern questioned Sutton as follows:

> Q: Let me ask you about Norfolk Southern Exhibit 18-1. It's a page out of the investigator's report. You relied on his report in doing your work in this case; right?

> A: Yes, I did review it....

> Q: Let me direct you to another page in his report.... Norfolk Southern Exhibit 18-2, where he states plainly in his report based on his investigation on behalf of Ergon Trucking—

> Mr. Wettermark (counsel for Lloyd): If I may interpose—

> The Court: Yes, sir.

> Mr. Wettermark: – an objection.

> The Court: What's the basis for your objection?

> Mr. Wettermark: It contains hearsay opinions by a third party that haven't been qualified.

> The Court: Do you want to be heard?

> Mr. Gordon (Counsel for Norfolk Southern): He relied on this man's report for his opinions in this case.

> The Court: Your objection is overruled.

> Q: This man says right there in his report, "This is the investigator for Ergon Trucking. Based on our investigation to date, we find no negligence on the part of Norfolk Southern." That's what he wrote; right?

> A: Yes, that was the conclusion or that's what he wrote in his report based on his investigation.

The two exhibits were not offered as evidence at this time.

On the next day of trial, counsel for Ergon and Tucker objected to the admission of these exhibits into evidence. The basis of this objection by Ergon was that under Rule 403 of the North Carolina Rules of Evidence, the "prejudicial qualities" of the two documents "far exceeds

any probative value." In arguing this objection, counsel noted that "certainly Mr. Sutton said that they were not the basis for the action, the claims towards Ergon in this case nor of the plaintiff in this case." Counsel for plaintiff objected under Rule 702. The trial court held that Sutton "considered it in formulating his opinion" and that "the probative value of this evidence is not substantially outweighed by prejudice" and overruled the objection of Ergon, Tucker, and Lloyd. Norfolk Southern's Exhibits 18-1 and 18-2 were subsequently received into evidence.

On appeal, Ergon and Tucker couch their argument in terms of the alleged erroneous admission of the reports. However, their only complaint about the report is limited to the statement involving the lack of evidence concerning the negligence of Norfolk Southern. This testimony was originally elicited during the cross-examination of Sutton by Norfolk Southern. While Lloyd objected to this testimony, Ergon and Tucker did not. Where one party objects to testimony at trial, that objection does not inure to the benefit of another party for purposes of preserving that objection for appellate review. *State v. Bell*, 359 N.C. 1, 27, 603 S.E.2d 93, 111 (2004), *cert. denied* 544 U.S. 1052, 125 S. Ct. 2299, 161 L. Ed. 2d 1094 (2005). In *Bell*, the defendant was tried capitally for murder, along with his codefendant, Sims. At trial, Sims objected to certain evidence, but Bell did not. On appeal, Bell sought to assign error to the admission of this evidence. The Supreme Court cited Rule 10(b)(1) of the Rule of Appellate Procedure:

> in order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.[1]

*Bell* at 27, 603 S.E.2d at 111, citing N.C. R. App. P. 10(b)(1). *Bell* held that:

> Codefendant Sims made an objection to the testimony, arguing that it was repetitive and noncorroborative. Defendant never separately objected or joined in codefendant Sims' objection, thereby waiving his right to appellate review.

*Bell* at 27, 603 S.E.2d at 111.

---

1. We note that effective 1 October 2009, Rule 10 was amended, making the former section (b)(1), now (a)(1) and substituting "an issue" for "a question" in section (a)(1). Neither of these changes affects our analysis.

We hold that Ergon and Tucker waived any objection to Sutton's testimony by failing to raise their own objection, or not joining in Lloyd's objection.

This holding is also dispositive of Ergon and Tucker's appeal of the overruling of their objection to Norfolk Southern's Exhibits 18-1 and 18-2. Their sole complaint on appeal is the language elicited during Sutton's cross-examination. "[I]t is the well-established rule that the admission of evidence without objection waives any prior or subsequent objection to the admission of evidence of a similar character." *J.T. Russell & Sons, Inc. v. Silver Birch Pond L.L.C.*, __ N.C. App. __, __, 721 S.E.2d 699, 702 (2011) (quoting *Venters v. Albritton*, 184 N.C. App. 230, 240, 645 S.E.2d 839, 846 (2007); *see also* Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 22 (7th ed. 2011).

We further note that even assuming Ergon and Lloyd preserved this issue for appellate review, we discern no abuse of discretion in the trial court's overruling of the objections under either Rule 403 or 702.

As to Ergon and Tucker's argument that the damages awarded by the jury to Lloyd were excessive, we find no merit in that argument. The total economic loss claimed by Lloyd was $765,206. This figure consisted of the amount of damages sustained by Lloyd from the date of the accident through the date of trial ($224,410) which consisted of medical bills and lost wages, as well as the amount of Lloyd's projected future lost wages ($441,643) and future lost health insurance ($99,153). The jury awarded Lloyd $865,175. We have already held that Lloyd did not fail to mitigate his damages. The jury was thus not obliged to reduce Lloyd's damages. The jury's award of damages was not excessive and does not warrant a new trial. The trial court did not abuse its discretion in denying the motion of Ergon and Tucker for a new trial based upon the amount of damages awarded.

## IV. Directed Verdict Issues as to Crossclaims

[3] On their third argument on appeal, Ergon and Tucker argue that the trial court improperly dismissed Ergon and Tucker's claims for indemnity and contribution against Norfolk Southern, and improperly granted Norfolk Southern's claim for indemnity as to Ergon and Tucker. We disagree.

### A. Standard of Review

The standard of review for a directed verdict is *de novo*. *See Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322, 411 S.E.2d 133, 138 (1991) (citing *Kelly v. Int'l Harvester Co.*, 278 N.C. 153, 179 S.E.2d 396 (1971))("The

standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury.").

### B. Analysis

Ergon and Tucker argue that the trial court erroneously ruled that any negligence of Norfolk Southern was passive and that Ergon and Tucker's negligence was active. Ergon and Tucker intend that this issue should have been decided by the jury and not by the trial court.

Because of the verdicts returned by the jury, this question is moot. The jury found that Ergon and Tucker were negligent, and that Norfolk Southern was not negligent. Thus, the authority for prorating the issue of negligence is moot. *See Hendricks v. Leslie Fay, Inc.*, 273 N.C. 59, 62, 159 S.E.2d 362, 365 (1968) (holding that primary and secondary liability between defendants exists only when: (1) they are jointly and severally liable to the plaintiff; and (2) either (a) one has been passively negligent but is exposed to liability through the active negligence of the other or (b) one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former); *see also Simpson v. Hatteras Island Gallery Restaurant, Inc.*, 109 N.C. App. 314, 322, 427 S.E.2d 131, 136 (1993). The jury determined Norfolk Southern was not negligent which eliminates any issue concerning passive or active negligence. This issue is without merit, and the trial court's decision is affirmed.

NO ERROR.

Judges HUNTER, ROBERT C., and BRYANT concur.